## ALLEN v. RICE.

[No. 2,038.     Filed January 14, 1897.]

LIENS.—*Foreclosure of.*—*Priority.*— *Estoppel.*—A decree in a proceeding to foreclose a drainage lien is not conclusive against a defendant who is the holder of a prior lien for taxes, and was made a party to the foreclosure proceedings, and defaulted, where the complaint in such foreclosure proceedings does not state facts, which, if admitted, would subject the lien of the defendant to the drainage lien. *pp. 575–578.*

SPECIAL FINDING.— *Failure to Find Fact Proved.— Remedy.—New Trial.—*Where there is an omission from the special findings of the court of an essential fact proved at the trial, the proper remedy is a motion for a new trial and not by exceptions to the conclusions of law. *p. 576.*

APPEAL AND ERROR.—*Failure to Name Defaulting Defendant in Assignment of Errors.—*An appeal will not be dismissed for the failure of the appellant to name in his assignment of errors a defendant that had been defaulted, where the appellee's joinder in error was filed at the time of the assignment of errors, and the motion to dismiss not filed until nearly six months thereafter, and until more than three months after the filing of appellant's brief, and the presence of such defaulting defendant was not necessary for a decision of the case, and his absence in no way prejudicial to appellee. *p. 578.*

From the Huntington Circuit Court.  *Affirmed.*

*James C. Branyan, John S. Branyan,* and *James F. France,* for appellant.

*M. L. Spencer, W. A. Branyan* and *R. A. Kaufman,* for appellee.

BLACK, J.—A question is presented in this case concerning the amount of a tax lien, which was enforced upon certain land in Huntington county in favor of the appellee, under his counterclaim, in an action of ejectment brought by the appellant, in which the appellant obtained judgment for the recovery of possession.

The facts, as set forth in a special finding, upon which the court stated a conclusion that the appellee was entitled to hold a lien in the sum of $1,037.14 and to the foreclosure thereof, were, so far as necessary to elucidate the question discussed before us, in substance, as follows:

Samuel Mahon died intestate before the year 1870, seized in fee simple of the land in question, leaving surviving him, as his heirs at law, a son, Elam A. Mahon, and two daughters, Cynthia E. Dunham and the appellant, Virginia M. Allen.  The son died intestate about the year 1875, leaving as his heirs at law his two sisters above named, and owning one-third of said land.  On the 29th day of June, 1891, said Cynthia E. Dunham conveyed by deed her interest in the land to the appellant, and on the 27th of October, 1891, Thomas Roche conveyed to the appellant, under an order of the court below, "upon proper proceedings for that purpose, the said Elam A. Mahon's interest in said land."

On the 6th of March, 1882, at the sales of delinquent lands for the non-payment of taxes for the years 1876

to 1881, inclusive, and former years, made by the county auditor, Solomon Rice, the appellee, purchased the land here in question, paying therefor $316.35, and received the auditor's certificate of such purchase; and on the 7th day of March, 1884, he presented said certificate to the auditor and received a deed of conveyance as provided by law, said land not having been redeemed, and caused said deed to be duly recorded, the cost of the deed and that of recording being certain sums stated. Since said purchase the appellee paid taxes on said land, on the 10th of March, 1892, in the sum of $96.65. In the tax duplicate and in said certificate and said deed issued to the appellee, the description of the land was defective, the defective description being set out in the finding; but the land so assessed is the land in question in this suit.

On the 16th of October, 1888, one Edward Ely, as drainage commissioner, brought a suit in the court below against the appellant, the appellee, and others, alleging in his complaint, among other things, that under proceedings in the Superior Court of Allen county, Indiana, upon the petition of James Branstrator and others for the improvement of the Little Wabash, an assessment of benefits to said land to the amount of $480.00 by said proposed improvement had been finally adjudged and decreed by said court, and declaring such assessment a lien against said land, which was subject to lien of such assessment; but such complaint did not refer to appellee's purchase at the tax sale, which was prior to the proceedings in said Superior Court, or seek any relief against the same, or allege that the appellee's claim was invalid, void or unpaid; nor did the judgment in said cause so declare. The complaint in that cause asked judgment for fifty-five per cent. of the assessment, and a fore-

closure of the lien thereof against said land. The appellee was duly served with process in that cause, and made default; and upon the hearing the court found that the alleged assessment was a lien upon the land described in the complaint and entered a decree foreclosing such lien in the sum of $286.00, and directed a sale of the land. Afterward a copy of said decree was issued by the clerk of the court below to the sheriff, who advertised said land for sale, and upon the day named in the advertisement he sold the land to one C. S. Bash for $100.00, and issued to him a certificate, which he afterward assigned to one H. C. Paul, to whom the sheriff, on the return of the certificate, on the 31st of March, 1891, issued his deed conveying the land to him. On the 31st of October, 1891, said Paul conveyed the land to the appellant.

At the commencement of this suit, and since the year 1890, the land was held by certain persons named, as tenants of the appellee, and he had expended a sum mentioned for improvements, and had received a certain amount of rents and profits. The rental value for the period of appellee's possession was stated. Since 1890 the appellant has been a resident of New York, and has had no personal knowledge or charge of said land, and her sister, Cynthia, whose residence was not disclosed by the evidence, was, at the date of the finding, thirty-three years of age.

The sum for which the court concluded the appellee entitled to the enforcement of a lien included the amount which he paid upon his purchase at the tax sale, and the amount of the taxes paid by him afterward, with interest.

It is contended on behalf of the appellant that the claim of the appellee should not be upheld, except for the taxes paid by him after the adjudication in the

proceeding to enforce the drainage lien, and proper interest thereon; that the purchaser under the decree foreclosing the drainage lien acquired title paramount to the lien of the appellee for the purchase price at the invalid tax sale; that the decree in the drainage proceeding, to which the appellee was made a party and in which he suffered a default, estops him from asserting his prior lien.

It appears from the special finding that the appellee held the senior lien. If its enforcement can be defeated because of the former adjudication in the proceeding to foreclose the drainage lien, it should affirmatively appear in the special finding that in the former proceeding his lien was *res judicata*.

Unless the facts that the appellee was made a party defendant in that proceeding and was duly served with process and made default can be regarded as sufficient to bar his right to an enforcement of his lien, he is not concluded by the decree in that proceeding.

It is not claimed that any fact, beneficial to the appellant, was proved which is not stated in the finding; and if this were true, the remedy for such omission would be sought by motion for a new trial, and could not be had through an exception to the conclusion of law.

It is a general rule that a default is only conclusive as to such matters as are properly averred in the complaint. *Barton* v. *Anderson*, 104 Ind. 578.

A judgment is conclusive upon all questions which were or might have been litigated within the issues before the court. *McFadden* v. *Ross*, 108 Ind. 512; *Griffin* v. *Wallace*, 66 Ind. 410; *Axtel* v. *Chase*, 83 Ind. 546, 553.

"The general rule is, that the issuable facts or matters, upon which the plaintiff's case proceeded, deter-

mine what was in issue, unless it appears from an examination of all the pleadings in a given case, that other matters were brought forward and thus became necessarily involved and determined in the suit." *McFadden,* v. *Ross, supra.*

The bare fact that a senior mortgagee is a party in a suit to foreclose a junior mortgage does not estop him from afterward foreclosing his mortgage.   *Ulrich* v. *Drischell,* 88 Ind. 354, 362; *English* v. *Aldrich,* 132 Ind. 500.

It does not appear that the complaint in the proceeding to enforce the drainage lien stated any facts which, if admitted, would subject the appellee's lien to the drainage lien, or to the relief sought in that proceeding; nor is there any statement of fact in the finding before us showing that the appellee was challenged in any form by that complaint to litigate the question as to the superiority of his lien, or showing that such question was determined by the judgment rendered in that proceeding.

*Krutsinger* v. *Brown,* 72 Ind. 466, was an action of foreclosure brought by Brown. Krutsinger was made a defendant, it being alleged in the complaint that he held a mortgage junior and subsequent to that of the plaintiff, which Krutsinger had foreclosed upon the real estate described in the plaintiff's mortgage, and that at a sale under his decree of foreclosure the real estate had been purchased by Krutsinger, who still held a sheriff's certificate of sale thereof.   It was held that Brown, the holder of the senior mortgage, could not be required to aver and prove that his rights had not been defeated in the action brought by the junior incumbrancer upon the inferior lien; and in discussing the answer of Krutsinger to Brown's complaint it was said by the court that the answer of

*res adjudicata,* to be good, must affirmatively show that the question was litigated, or could have been litigated, under the issues, and was therefore impliedly covered by the judgment.

We do not find the conclusion of law, upon the facts stated, open to the objection urged against it by the appellant.

As to the effect of the portions of the finding showing part ownership of the appellant in the land in question, at the time the taxes, or a portion thereof accrued, for non-payment of which the land was sold to the appellee, we make no decision. There is some indefiniteness in the finding upon this matter. The subject is not discussed by the appellant, and we have not found it necessary to examine the question.

The appellee moved to dismiss the appeal, for the reason that a person who was made a party defendant in the court below, and was defaulted, was not named as an appellee in the assignment of errors. The appellee's joinder in error was filed at the time of the filing of the assignment of errors. This constituted an appearance. The motion to dismiss was not filed until nearly six months thereafter, and until more than three months after the filing of appellant's brief. It was filed with appellee's brief upon the merits. The person named in the motion has no material interest in the matter in controversy here, his presence is not necessary for its decision, and his absence does not harm the appellee. The motion to dismiss is overruled. *Wilson* v. *Hefflin,* 81 Ind. 35.

We find no error in the action of the court which has been brought in question before us.

Judgment affirmed.