## Wickersham's Estate (No. 1).

*Wills—Trusts—Life estates—Vested and contingent remainders —Rule against perpetuities—Presumption—Former adjudication— New parties—New fund—Res judicata—"Or" construed "and"—. Bequest to class.*

1. A testator dying in 1883 bequeathed his estate in trust to pay to his daughter Ive $83.33 monthly for her life; and upon her death, leaving issue, to pay the said sum monthly to such of her children as she might by will appoint; and, in default of such appointment, to pay the said sum to her children in equal shares during her natural life. In case of the death of said daughter without issue her surviving, the testator bequeathed said monthly payment to his executors in trust for the uses and purposes following: to pay the income of his residuary estate to his daughter,

Mary, for her life; and, upon her death leaving children or grandchildren her surviving, to pay the income to such of her children or grandchildren as she might by will appoint; and in default of such appointment to pay such income to her children or grandchildren equally in equal shares. In the event of the death of Mary without children or grandchildren her surviving, testator bequeathed the income in equal shares to a brother and son-in-law. Testator was survived by a son and his two said daughters. The son and daughters by agreement renounced their respective rights under the will and agreed to share equally in the income from the estate during their lives; and thereafter for a like division of the estate among their children. The son died in 1901 leaving three children; Mary died in 1911, intestate, leaving one child and no issue of a deceased child; Ive died in 1916, leaving one child (and no other issue) to whom she appointed her share of her father's estate. Ive's son and Mary's daughter were born before the death of the testator and were mentioned by name in his will. The lower court awarded to Ive's son the monthly payment of $83.33 for his life, and awarded the balance of the income to Mary's child for her life, and decided that the time for the distribution of the principal had not arrived. *Held*, no error.

2. The bequest to Mary's children or grandchildren her surviving should be construed to mean children living at her death and living children of deceased children, thereby forming a class, in which the life estates in remainder vested during Mary's life, and the members of which must necessarily be ascertained at her death, and the rule against perpetuities does not apply.

3. The fact that the life estates in Mary's grandchildren might extend for a greater period than the period fixed by the rule against perpetuities can not affect their validity if they vested within the period required by the rule.

4. The presumption is that testator does not intend to violate the rule against perpetuities and that is a strong reason for a construction that will not.

5. The word "or" is here construed "and" so that the bequest will read "children and grandchildren," thus forming a class.

6. The parties were not precluded from litigating questions which had been previously decided at a former adjudication, where it appeared that such parties were not represented at the former adjudication and that there was a different fund now for distribution and the prior decree was based upon the agreement above recited.

Argued Jan. 11, 1918. Appeal, No. 182, Jan. T., 1917, by Morris W. Gowen, from decree of Orphans' Court,

Philadelphia County, Jan. T., 1884, No. 367, dismissing exceptions to adjudication in Estate of Morris S. Wickersham, deceased. Before MESTREZAT, POTTER, STEWART, FRAZER and WALLING, JJ. Affirmed.

Exceptions to adjudication. Before GUMMEY, J.
The opinion of the Supreme Court states the facts.
The court dismissed the exceptions in an opinion ʔ. ANDERSON, J.   Morris W. Gowen appealed.

*Errors assigned* were in dismissing the exceptions.

*Lester B. Johnson,* with him *Lewis H. Van Dusen,* for appellant.

*George J. Edwards, Jr.,* for appellee.

OPINION BY MR. JUSTICE WALLING, April 22, 1918:

This appeal involves the construction of certain provisions in the last will of the late Morris S. Wickersham, of Philadelphia, who died in September, 1883. By the will testator's entire estate, aside from some specific bequests, is given to his executors in trust, for certain declared purposes; among others, it states: "Fourth. To pay my Daughter, Ive, during the term of her natural life the sum of Eighty-three Dollars and thirty-three cents on the first day of each and every month, and upon her death leaving issue surviving her then I direct that the said Eighty-three Dollars and thirty-three cents shall be paid monthly and in such amounts to such of her children as she may direct and appoint by her last will and testament or any writing in the nature of a last Will and Testament. In default of said appointment I direct that the said sum of Eighty-three Dollars and thirty-three cents shall be paid to her children share and share alike monthly during the term of their natural life. In case of the death of my daughter Ive without issue her surviving then I give

devise and bequeath the said sum of Eighty-three Dollars and thirty-three cents to ·my hereinafter mentioned executors in Trust for the uses and purposes following..

"Fifth. To pay all the income of my said residuary estate to my daughter Mary during her natural life and upon her death leaving children or grandchildren her surviving then I direct that the said income from my residuary Estate be paid to such of her children or grandchildren and in such proportions as she may direct and appoint by her last Will and Testament or any writing in the nature of a last Will and Testament. In default of such appointment I direct that the said income from my residuary Estate be paid to her children or grandchildren share and share alike during the term of their natural life. The Grandchildren to take but the share that their parent would be entitled to if living. In the event of the decease of my Daughter Mary without children or Grandchildren her surviving then I give and bequeath the whole of the income from my residuary Estate to my Executors hereinafter named, In Trust for the uses and purposes hereinafter set forth.

"Item sixth. In the event of my said Daughter Mary dying without children or grandchildren her surviving I give and bequeath the income of my residuary Estate in equal moieties or half parts to my Brother Samuel M. Wickersham and my son-in-law the Marquis Louis Carlo Taffini d'Acceglio their heirs and assigns forever. I make this devise moreover it being my desire that an intestacy should never occur as to any part or portion of my estate."

Besides the two daughters, testator left a son to whom he gave a life annuity. The son died in 1901, Mary in 1911, and Ive in 1916. In December, 1883, an agreement was made, to which the three children were parties, by which they renounced their respective rights under the will and agreed to share equally in the income from the estate during the life and thereafter for a like division of the estate among their children. This

agreement, which left the estate in the hands of the trustees, was faithfully carried out until the death of testator's children. Ive left one child, the appellant, Morris W. Gowen; and Mary left, as her only child, Kate Nassali-Rocca, and no issue of a deceased child. Ive left a writing in the nature of a last will, which says, "I do give, devise and bequeath all my property, real, personal or mixed, of whatsoever kind and wherever situated, of which I may die possessed or over which I may have any power of appointment under the will of my father, Morris S. Wickersham, deceased or otherwise, unto my son, Morris W. Gowen." Mary died intestate, without exercising the power of appointment conferred by her father's will. Ive's son and Mary's daughter were born before the death of their grandfather and are mentioned by name as legatees in his will. They and the three children of testator's son now constitute the heirs at law of said Morris S. Wickersham, deceased. In the adjudication by the court below, the trust created by testator's will is sustained and it is held, in effect, that thereunder Morris W. Gowen is entitled for life to the Eighty-three and one-third dollars per month and Kate Nassali-Rocca to the balance of the income of said residuary estate; and that the time for the distribution of the principal has not arrived. The adjudication seems well-founded; for while the agreement may have been valid as to testator's children it does not affect grandchildren, who were not parties thereto, and who take under their grandfather's will, directly or by virtue of a power of appointment therein given. Ive's execution of the power was by testamentary writing and in favor of her son; but, in our opinion, whether valid or invalid, the result would be the same, for Morris W. Gowen, as Ive's only child, would take the life annuity under the plain terms of the original will, and that is all he could take under the power of appointment, for, taking together the entire provision for Ive's children, it only extends "during the term of their natural life." And in

either event the annuity vested in him on the death of his mother; so, as to that, the rule against perpetuities has no application.

But it is strenuously urged that the bequest to Mary's children or grandchildren violates the rule against perpetuities and is invalid. That depends upon the time of the vesting of the bequest. If that be within the life or lives in being and twenty-one years thereafter the gift is good although its enjoyment be deferred or continued beyond that time. See Edwards's Est., 255 Pa. 358; Lawrence's Est., 136 Pa. 354; Rhodes' Est., 147 Pa. 227. We here construe the word "or" in the bequest as "and" so it will read "children and grandchildren," thus forming a class. Then the rule applies that a gift to a class upon the termination of a life estate includes members of the class born after the testator's death: Edwards's Est., supra. This would embrace all of Mary's surviving children and grandchildren, subject to the provision that the grandchildren take but the share their parent would be entitled to if living—that is, if living at Mary's death. It is then that the income of the residuary estate vests in her children and grandchildren, and that is the time to ascertain the members of the class. "If living" means if living at Mary's death and not at some remote period. Had the bequest to such children and grandchildren been presently payable at testator's death, it would have included only such as were then in existence. But being payable or vesting at the death of the first taker, it embraces those born meantime. However, only the income for life is given Mary's children and grandchildren and that having passed to those in existence at her death, there is no reason for construing the will so as to include grandchildren thereafter born or whose parents thereafter die. A life estate vesting in a surviving child under the will, as a member of the class, becomes extinct at his death and does not pass on to his children. Taking the will as a whole, in our opinion it includes only such of Mary's grandchildren as

might at her death stand in the place of a deceased child. So construed it does not transgress the rule against perpetuities; for the life estate having vested in the children and grandchildren within the time, the fact that it might extend beyond is immaterial. The rule is tested by the possible not actual events, and, when so considered, if the bequest offends as to any member of a class, it is void as to all: Coggins' App., 124 Pa. 10. The presumption is that a testator does not intend to violate the rule against perpetuities, and that is a strong reason for a construction that will not: Rhodes' Est., supra. If, in connection with a certain devise, a testator expresses a desire to avoid an intestacy as to any part or portion of his estate that does not enlarge, to a fee, estates given to others for life in former clauses of the will; nor does the expression of such desire indicate an intention of transgressing the rule against perpetuities.

This will was before Judge ASHMAN in the Orphans' Court shortly after Mr. Wickersham's death, and the final conclusion then was that it did not violate the rule against perpetuities, but created an intestacy. The decree of distribution there made, however, was based upon the agreement above mentioned. For that reason and because the parties now before the court were not then represented, nor parties to the agreement, and because there is a different fund now for distribution, the rights of these litigants are not concluded by that adjudication. See Kellerman's Est., 242 Pa. 3.

In our opinion it is not necessary here to invoke the rule established by Whitman's Est., 248 Pa. 285, and other cases, that life estates will not be disturbed because ultimate limitations may transgress the rule against perpetuities. The gift of the income, unlimited in duration and with no gift over, will carry the principal; but that rule cannot apply here as the income is given only for the natural life of the beneficiaries, except as to the alternative bequest which can never take effect. A testator may bequeath the income of his estate for a certain

period without disposing of the principal, which in such event passes to his heirs at law; and that is this case; Morris W. Gowen is entitled to his life annuity, and Kate Nassali-Rocca is entitled to the balance of the income of the residuary estate during her life; then in our opinion the estate will pass to the heirs of Morris S. Wickersham, deceased, under the intestate laws.

The assignments of error are overruled and the decree is affirmed at the costs of appellant.