WILLIAMS *v.* HARRISON, TRUSTEE, ET AL.

[No. 9,764. Filed May 15, 1919. Rehearing denied October 17, 1919. Transfer denied January 15, 1920.]

1. APPEAL.—*Questions Reviewable.*—*Compliance With Rules of Court.*—*Briefs.*—Where the rules of the Appellate Court concerning the preparation of the transcript of the record, writ of *certiorari* and brief have been substantially complied with by appellant, and the court is fully able to comprehend the matters in issue from the brief, the case will be considered on its merits. p. 250.

2. JUDGMENT.—*Res Judicata.*—*Issues.*—*Pleadings.*—The facts in

issue in a former suit must be determined by the pleadings therein, in ascertaining what matters are *res judicata.* p. 251.

3. JUDGMENT.—*Conclusiveness.—Matters Not in Issue.*—In a trustee's action for partition of land wherein the only issue tendered by the trustee to a beneficiary of the trust was the sale of the real estate involved and the distribution of the proceeds, the judgment in that action could not determine the title or possession of the trust fund, that question not having been put in issue by the pleadings. p. 252.

4. ESTOPPEL.—*Partition Decree.—Acquiescence.*—Where a trustee brought an action for partition of testator's land, wherein the only issue tendered was the sale of the real estate involved and the distribution of the proceeds, a beneficiary of the trust was not estopped to recover the funds due her by acquiescing in the partition decree by accepting the income, instead of demanding the share of the trust fund to which she was entitled, where no one was injured thereby except herself; the judgment in the partition suit, so far as it undertook to determine title or possession of the trust funds, or to construe testator's will, being *coram non judice* and void. p. 252.

5. WILLS.—*Construction.—Testamentary Trust.—Unborn Children.* —Where testator left property in trust for children born or to be born to his son, each child's share to be paid over to such child on its becoming of age, children born to such son after one or more of his children reached the age at which they were entitled to distribution must be excluded from participation in the distribution of the estate. p. 253.

From Marion Superior Court (100,130); *Linn D. Hay,* Judge.

Action by Marthena Harrison Williams against Russell B. Harrison, trustee under the will of Benjamin Harrison, deceased, and others. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*H. P. Doolittle,* for appellant.

*William L. Taylor, Russell B. Harrison* and *Jackson Carter,* for appellees.

McMAHAN, J.—This was an action by appellant, as devisee, and *cestui que trust,* under the will of Benjamin Harrison, deceased, grandfather of appellant,

against appellee Russell B. Harrison, trustee, under the will of said deceased and as guardian of William Henry Harrison, and his codefendant, the Union Trust Company of Indianapolis, trustee by appointment of the superior court of Marion county, Indiana, under the will of said deceased, to recover the possession of a trust fund now in the hands of said Union Trust Company.

The complaint was in one paragraph, the substance of so much thereof as is necessary for this decision being as follows: Appellant is a resident of Norfolk, Virginia, and is a granddaughter of Benjamin Harrison, formerly of Indianapolis, Indiana, who made and published his last will and testament dated April 20, 1899, with codicil thereto, dated February 13, 1901. He died March 13, 1901. Following his death, his will was duly admitted to probate, and the Union Trust Company, executor, has taken possession of the estate for its settlement and distribution. Among other bequests, devises and legacies, he devised and bequeathed a portion of his estate as follows:

"Item Twenty-Two. All the rest and residue of my estate I give, devise and bequeath as follows: Said estate shall be divided into as many equal shares as I shall leave children surviving me, and one additional share for the issue of any child that may have died leaving issue surviving me. One such share I give, devise and bequeath to my son Russell B. Harrison in trust for his children, Marthena Harrison and William Henry Harrison, and any other child or children that may hereafter be born to him, to be applied and used for the support and education of such children or the survivor or survivors of them. Such

portion of each child's share as may not have been before expended for its benefit shall, on the coming of age of such child or its marriage, be paid over to it, and, in the event of the death of one of my grandchildren before its share is distributed to it, such share shall go equally to the survivors under the same trust and conditions. If said Russell shall die before me, or before he has executed his trust or shall resign, his wife, Mary Saunders Harrison, is hereby appointed trustee of his trust. Said trustees shall neither of them be required to give any bond.    *    *    *''

On June 1, 1910, appellee Russell B. Harrison, as trustee, filed suit No. 80,940 in room 2 of the superior court of Marion county, Indiana, against said executor, this appellant, and others, for partition and sale of certain real estate comprised in the estate of said Benjamin Harrison, deceased.

On July 1, 1911, said court entered an order in said cause No. 80,940 for the sale and distribution of the proceeds of said real estate, which, among other things, directed and provided as follows: "One-sixth thereof to the Union Trust Company of Indianapolis as trustee for Marthena Harrison, and to provide against any loss or harm to the rights or interests of any child or children which may hereafter be born to Russell B. Harrison, said trustee to receive, hold, invest and preserve the principal of said sum until there shall have been born to said Russell B. Harrison, child or children, if any such child or children shall be born to him, or until the possibility of issue to him shall have become extinct, and in the meantime to pay the income arising therefrom to said Marthena Harrison. In the event there shall be after-born child

or children to said Russell B. Harrison, then said trustee shall hold said funds for the benefit of said Marthena Harrison and such after-born child or children according to their several and respective rights under the will of said Benjamin Harrison, deceased. In the event there shall be no after-born child or children then when possibility of issue to said Russell B. Harrison shall have become extinct, said trustee shall pay said principal sum, together with all accumulations of interest to said Marthena Harrison, subject to all the provisions of said Item 22nd of said will.''

Said order also substituted the Union Trust Company for said Russell B. Harrison as trustee of the fund in controversy. Pursuant to said order and sale, said Union Trust Company received and now holds as trustee for appellant, in accordance with the provisions of said item 22, about $4,700. Appellant is the daughter of said Russell B. Harrison, and is the same person as Marthena Harrison, named in said will. She was born January 18, 1888, became of age on January 18, 1909, and was married to Harry A. Williams, Jr., of Norfolk, Virginia, on February 5, 1912. Under and in accordance with the provisions of said item 22 of the will she avers that she became entitled to the possession and enjoyment of the share of the estate left her through Russell B. Harrison, as trustee, on or about January 18, 1909, and is now entitled to receive and enjoy the same. She has demanded the same from the Union Trust Company, but the same has been refused her. No children other than appellant and William Henry Harrison have been born to Russell B. Harrison, and no rights in said estate have accrued or can accrue to any children

that may be born hereafter to said Russell B. Harrison. Appellant prays that the court construe said order of the superior court, making said Union Trust Company trustee in respect to the proceeds of the property devised under item 22 of the will, and in accordance with the terms of the will, and determine the rights of appellant thereunder, and that the trust be terminated, as to appellant, and that said trustee be ordered to pay over to appellant, said sum, and any other sums which it may hold as trustee under said order of the superior court.

The Union Trust Company by answer admits the averments of said complaint, says that it is ready to obey the order of the court with reference to said funds so held by it in trust and awaits direction.

Appellee Russell B. Harrison, trustee, demurred to the complaint, with memoranda, for want of facts to constitute a cause of action and to warrant the relief sought. The demurrer was sustained, to which ruling of the court the appellant excepted, and, refusing to plead further, judgment was entered against her. From the ruling of the court in sustaining the demurrer to her complaint, and from the judgment rendered on such ruling, appellant prosecutes this appeal.

Appellee earnestly insists that this court has no right to consider the appeal in any way, for the reason that appellant has not complied with certain necessary well-defined rules of the court in the preparation of her transcript of the record, of the writ of *certiorari*, and of her brief. We hold, however, that the rules of this court, as applied to the facts to be presented, have been substantially complied with. We are fully able to comprehend the matters in issue from the brief, and the purpose of

the rule has been served. *Repp* v. *Indianapolis, etc., Traction Co.* (1916), 184 Ind. 671, 675, 111 N. E. 614; *Howard* v. *Adkins* (1906), 167 Ind. 184, 78 N. E. 665; *Foote* v. *Foote* (1913), 53 Ind. App. 673, 102 N. E. 393; *Berkey* v. *Rensberger* (1912), 49 Ind. App. 226, 96 N. E. 32; *Geisendorff* v. *Cobbs* (1911), 47 Ind. App. 573, 94 N. E. 236. The motion to dismiss heretofore filed is overruled. The case will be considered on its merits.

Appellee insists that "the real issue in this case is whether a consent and agreed decree of judgment entered in cause No. 80,940 is binding and effective on all parties who appeared and answered the complaint upon which said judgment or decree was the finality." Numerous authorities are cited by appellee to sustain his contention that a judgment by consent or agreement is binding though there be errors in the prior proceedings or defects in the pleadings. On this assumption appellee analyzes the authorities cited by appellant and distinguishes them from the case in suit. We have, however, carefully examined the complaint in this cause, the validity of which is questioned by demurrer, and we can find no suggestion that the judgment entered in cause No. 80,940 was a *consent and agreement* judgment. As to this proposition, appellees' authorities and argument are not in point. As appears by the complaint in question, cause No. 80,940 was for the sale of real estate in a partition proceeding, and for distribution of the proceeds of sale. No other issues were involved, as far as appears by the complaint, and the facts in issue in the former suit must be determined by the pleadings. *Mitten* v. *Caswell-Runyan Co.* (1913), 52 Ind. App. 521, 525, 99 N. E. 47; *Finley* v.

*Cathcart* (1898), 149 Ind. 470, 48 N. E. 586, 49 N. E. 381, 63 Am. St. 292. The title or possession of the fund in controversy was not put in issue by the pleadings in the former suit; hence such title or possession could not be determined by the judgment entered in such suit. *Habig* v. *Dodge* (1891), 127 Ind. 31, 25 N. E. 182; *Duncan* v. *Holcomb* (1866), 26 Ind. 378; *Stephenson* v. *Boody* (1894), 139 Ind. 60, 38 N. E. 331; *Wilbridge* v. *Case* (1850), 2 Ind. 36; *Allen* v. *Rice* (1897), 16 Ind. App. 572, 45 N. E. 800; *Finley* v. *Cathcart, supra*. There was no issue in cause No. 80,940, tendered by the appellee herein to the appellant as to the possession or title of the proceeds of the sale in that case which now constitute the funds in controversy in this cause, and without such an issue therein appellee is certainly not in position now to invoke against the appellant the doctrine of *res adjudicata*. *Finley* v. *Cathcart, supra; Guyer* v. *Union Trust Co.* (1914), 55 Ind. App. 472, 484, 104 N. E. 82; *Jones* v. *Vert* (1889), 121 Ind. 140, 22 N. E. 882, 16 Am. St. 379. We hold that so much of the judgment in cause No. 80,940, if any, as undertakes to construe the will of Benjamin Harrison, deceased, or as undertakes to determine the title or possession of the funds in controversy in this cause, was *coram non judice* and void. Appellee contends that acceptance of the income from the fund in controversy by appellant, and her delay in bringing this suit, was such an acquiescence in the partition decree as would bar her right now to a recovery. But appellant has not been entitled to the income of the fund, by virtue of the decree of partition, but by virtue of the terms of the will so long as the fund continues to be held in trust. No one's

rights have intervened, and we can see no reason why her acquiescence in conditions should work an estoppel against her. No one except herself has been injured by the funds continuing in the hands of the trustee.

In his memorandum filed with his demurrer to the complaint, appellee says that there is no allegation in the complaint that the possibility of issue to Russell B. Harrison has become extinct.

5. It is true that no such averment appears in the complaint, and if it is a necessary averment, then the demurrer to the complaint was properly sustained. If not a necessary averment, then, having hereinbefore determined the issue of *res adjudicata* in favor of appellant, the demurrer should have been overruled. As to this matter, the complaint says that no children other than appellant and William Henry Harrison have been born to Russell B. Harrison, and that no rights in said estate have accrued or can accrue to any children that may be born hereafter to said Russell B. Harrison. By the express terms of the will, it is provided that such portion of each child's share as may not have been expended for its benefit shall, on the coming of age of such child, or its marriage, be paid over to it. It appears by the complaint that the appellant became of age January 18, 1909, and that she was married to Harry A. Williams on February 5, 1912. We hold that under the settled law, both of this country and of England, either of the events aforesaid first occurring in the life of the appellant fixed the time of distribution of the estate, at which time she was entitled to the possession thereof. Any other provision of the will must yield to this specific direction, and any child or chil-

dren that may be born after the date of distribution must be excluded from participation in such estate. Such a construction necessarily follows from the inconvenience of withholding the funds for a contingency, or, upon the happening of such contingency after distribution has been made, of the probable litigation and confusion that would grow out of any attempt to require repayment to any subsequently born child or children. We cite the following cases as fully sustaining this principle: *Thomas* v. *Thomas* (1899), 149 Mo. 426, 73 Am. St. 406; *Heisse* v. *Markland* (1830), 2 Rawle (Pa.) 274, 21 Am. Dec. 445; *Ellison* v. *Airey* (1748), 1 Ves. 111; *Whitbread* v. *Lord St. John* (1804), 10 Ves. Jr. 152; *DeVeaux* v. *DeVeaux* (1846), 1 Strob. Eq. (S. C.) 283; *Hubbard* v. *Lloyd* (1850), 6 Cush. (Mass.) 522, 53 Am. Dec. 55. The case of *Thomas* v. *Thomas, supra,* contains a full discussion of the doctrine and its history, and a review of many authorities pertaining thereto. It is directly in point. The plaintiff in that case was a child born after the eldest beneficiary involved became of age, which was decided to be the time of distribution, and the court in closing its lengthy opinion, said: "That plaintiff answers the description of one of the class to whom the gift was devised could not be questioned if he had been born prior to the majority of his eldest brother, but he was not born until after three of said children had reached their majority. We do not feel at liberty to reject a rule so long asserted and maintained by the highest courts of England and America, nor to discard the reasoning upon which those decisions stand." In that case the judgment which was against the plaintiff was affirmed. In harmony with

the same doctrine, we hold that in this case it was error to sustain the demurrer to the complaint.

The judgment is reversed, with instructions to the trial court to overrule the demurrer to the complaint.