EQUITABLE TRUST COMPANY, formerly Equitable Guarantee and Trust Company, a corporation of the State of Delaware, Trustee under the last Will and Testament of ALFRED D. LECARPENTIER, Deceased,

*vs.*

EQUITABLE TRUST COMPANY, formerly Equitable Guarantee and Trust Company, a corporation of the State of Delaware, surviving Executor under the last Will and Testament of ALFRED D. LECARPENTIER, Deceased, EQUITABLE TRUST COMPANY, a corporation of the State of Delaware, surviving Executor of SARAH J. LECARPENTIER, Deceased, AIMEE L. FLINN, SUSAN W. BAKER, EQUITABLE TRUST COMPANY, a corporation of the State of Delaware, Executor of the last Will and Testament of MARY S. LECARPENTIER, Deceased, ELLEN M. BAILEY, JOHN F. LECARPENTIER, GEORGE H. LECARPENTIER, HELEN LECARPENTIER, ALPHONSO D. LECARPENTIER, JR., HARRY FRANKLIN BAKER, JR., and CHARLES SHERWOOD BAKER.

*New Castle, April 10, 1941.*

312

*Charles F. Richards,* of the firm of Richards, Layton & Finger, for Equitable Trust Co.

*John F. Lynn,* for Aimee L. Flinn.

*George Gray Thouron,* for Susan W. Baker.

*Caleb R. Layton, III,* of the firm of Hastings, Stockly & Layton, for Ellen M. Bailey.

*H. Eugene Savery,* for John F. and George H. Lecarpentier.

*Helen Lecarpentier, in pro per.*

*E. Ennalls Berl,* of the firm of Southerland, Berl, Potter & Leahy, and *Stephen E. Hamilton,* for Harry Franklin Baker, Jr.

*Paul Leahy,* of the firm of Southerland, Berl, Potter & Leahy, for Charles Sherwood Baker.

THE VICE-CHANCELLOR: Complainant is trustee of the residuary estate of the testator, Alfred D. Lecarpentier. The last life beneficiary having died, complainant asks that it be instructed to whom it should distribute the trust property. The respondents comprise the persons who might, under various constructions of the will, be entitled to take.

After disposing of a part of the income and corpus of his residuary estate, the testator directed the trustee to pay the income from the balance to his sister, Mary S. Lecarpentier, during her life. He directed that upon her death, part of the property should pass to certain nieces, and then

made provisions, the construction of which is sought in this suit, as follows:

"And finally I do direct that all the remainder of my residuary estate of whatever nature is to go to my grand nephew and namesake Alfred Lecarpentier Baker, and I do give, devise and bequeath the same to him under the following conditions, viz—When he shall attain his Twenty fifth year, all of my home property or tract before mentioned, situated at Rockland, Christiana Hundred, Delaware, together with all the personal estate thereon, upon the condition that he shall be a sober and upright citizen at that time, and the balance of my real and personal estate to go to him when he shall attain his thirtieth year, and upon the same conditions as herein above specified— The decision as to his fulfilling these requirements at both periods named to be determined and passed upon in a fair and impartial manner by my Trustee—The making of a deed or deeds in his favor by my Trustee shall be deemed sufficient evidence as to his having fully complied with the above conditions—

"Should circumstances arise that my said grand nephew forfeit the bequests herein mentioned at both the periods named, owing to his failure to comply with said conditions, then said bequests are to go to his lawful issue in equal shares, should there be any—or to any further issue in equal shares of his mother (Susan W. Baker)—But in the absence of any children of his, or further issue of his mothers as above stated then all of my residuary estate of whatever nature I do give, devise and bequeath absolutely in equal shares to the Delaware Hospital, and to the Homeopathic Hospital of the City of Wilmington, Delaware, with the exception that all of my relics, curios and specimens of natural history now in my home residence I give and bequeath to the Society of Natural History, a corporation of the State of Delaware—"

The testator died in 1914. His grand-nephew and namesake, Alfred Lecarpentier Baker, died in 1916, intestate, at the age of eight years, and without issue. Alfred's mother, Susan W. Baker, has had two other children: Harry Franklin Baker, Jr., born in 1915, prior to Alfred's death, and Charles Sherwood Baker, born in 1918, after Alfred's death. The testator's sister, Mary S. Lecarpentier, who was the last beneficiary, died in 1939.

Three separate claims are made to the property. Alfred's brother, Harry, contends that Alfred took under the will a vested interest subject to a condition subsequent which has not occurred and cannot occur, and that his interest in the property descended to Harry, the person entitled

to Alfred's property under the intestate laws of Delaware at the time of Alfred's death.

Alfred's brother, Charles (born after Alfred's death) contends that Alfred's interest in the property was contingent and never vested in him because of his failure to fulfill conditions precedent; that the gift over to further issue of Susan W. Baker became effective, and that Harry and Charles (issue of Susan W. Baker) are both entitled equally to the property; the ascertainment of the class membership being at the death of the last life beneficiary under the trust.

Certain of the persons who would have been entitled to the testator's property if he had died intestate, and the representatives of others now deceased, contend that the gift to Alfred was contingent, that the gift over did not become effective because the prescribed contingency has not happened and cannot happen, and that there was thus a partial intestacy whereby these respondents became entitled to the property.

The conditions annexed to the gifts to Alfred, be they precedent or subsequent, are that he be "a sober and upright citizen" at the age of twenty-five as to the gift of the "home property" and "personal estate thereon," and at the age of thirty as to the gift of the balance of "real and personal estate." Time is made an essential and integral element of the conditions affecting each of the gifts. Sobriety and uprightness at other ages, say at eight years, or twenty-four years, would not suffice. In other words, to comply with the conditions, he was required to be a sober and upright citizen *at specified times*.

In the language of the will, the gift over becomes operative "Should circumstances arise that my said grand-nephew forfeit the bequests herein mentioned at both the periods named, owing to his failure to comply with said conditions." Manifestly, if the contingencies have occurred which make effective the gift over, it is not necessary to

consider whether the conditions annexed to the gifts to Alfred are precedent or subsequent, since the contingencies embrace non-compliance with these conditions. The primary meaning of the verb "forfeit" is "lose." 26 *C. J.* 891; 23 *Am. Jur.* 599. The expression "forfeit the bequests herein mentioned at both the periods named" seems to me clearly to mean: lose the right Alfred would otherwise have to the subject matter of the gifts at both periods. The testator's intent is plain that Alfred's failure to comply with the conditions should result in his losing the right to the benefits under the residuary clause of the will. The language which limits the gift over should be read together with that which expresses the conditions. When so read, the construction which seems most reasonable is that the gift over should take effect if Alfred should fail to comply with the conditions affecting the gift of the "home property" and "personal estate thereon," and also fail to comply with the conditions applicable to the gift of the balance of "real and personal estate" (thereby losing the right he would otherwise have to both gifts).

To say that Alfred could fail to comply only in a particular way, that is, by surviving and by behaving in such fashion as not to be a sober and upright citizen, would inject qualifications which the testator did not include. It is the *fact* of non-compliance, not the *manner*, which is important. During Alfred's life he did not comply with the conditions. His death marked the termination of any possibility that he might thereafter do so. Consequently, he failed to comply with the conditions and thereby lost the right to both gifts, and the provisions for the gift over have become operative.

Since Alfred never had issue, the beneficiaries of the gift over are "any further issue in equal shares of his mother," Susan W. Baker, who is still living. Her "further issue," that is, issue other than Alfred, are now and were at the death of the last life beneficiary of the trust, Harry and Charles. The rule as to the determination of membership

of a class where the gift is not distributable when the instrument creating it becomes effective is stated in 3 *Restatement of the Law of Property*, § 295 (omitting exceptions not here applicable) as follows:

"*§ 295. Postponed Gift to a Class—Rule of Convenience Ending Ability of the Class to Increase in Membership.*

"When an otherwise effective conveyance contains the limitation of a postponed gift in favor of a class described as 'children,' 'grandchildren,' 'brothers,' 'sisters,' 'nephews,' 'nieces,' 'cousins,' 'issue,' 'descendants' or 'family' of a designated person, then, unless a contrary intent of the conveyor is found from additional language or circumstances, such conveyance designates as the distributees thereunder all who are 'possible takers' within the group description found in such limitation and who

"(a) are conceived prior to the termination of the postponement caused by the limitation; * * *"

This rule is supported by many authorities in the United States and England. *In re Savela's Estate*, 138 *Minn.* 93, 163 *N. W.* 1029; *Simpson v. Spence*, 58 *N. C.* 208; *In re Wickersham's Estate*, 261 *Pa.* 121, 104 *A.* 509; *Williams v. Harrison*, 72 *Ind. App.* 245, 123 *N. E.* 245; *In re Emmet's Estate*, 13 *Chan. Div.* 484; *In re Chartres*, [1927] 1 *Chan. Div.* 466; 2 *Simes Law of Future Interests*, §§ 373-384; 51 *Harv. Law Review*, 254.

Here, the class gift was not distributable when the will became effective. Distribution was prevented not only by the gift of income to the testator's sister, but also by the provisions for the contingencies upon which the gift over was made to depend. Upon the termination of the life estate and the happening of the contingencies, distribution could be made. There is no language in the will, nor are there any circumstances showing an intent that distribution be delayed after these obstacles were removed, or that the class, issue of Alfred's mother, should be determined at any other time. It follows that Harry and Charles, the members of the class conceived prior to the termination of the postponement caused by the limitations, are entitled to the trust property in equal shares.

A decree accordingly will be advised.