Denny *et al. v.* Woods *et al.*

Filed Sept. 16, 1891.

◆

No. 283.

DENNY ET AL. *v.* WOODS ET AL.

DECEIT.—*Sale of Horse.—Fraudulent Representations.—Reliance Upon.—Special Findings.*—Where, in an action for deceit in the sale of a horse, the jury, in answer to interrogatories, find that false representations were made by the defendants concerning it, but that the plaintiffs before making the purchase obtained the horse from the owner and tried it, and that it conducted itself badly during such trial, the defendants are

entitled to judgment on the answers to interrogatories, notwithstanding a verdict in favor of the plaintiffs, as it is shown that the plaintiffs did not rely upon the representations.

From the Grant Circuit Court.

*T. L. Childs, L. D. Baldwin, A. E. Steele* and *J. A. Kersey,* for appellants.

*H. Brownlee* and *H. J. Paulus,* for appellees.

BLACK, J.—The appellants sued the appellees for deceit in the sale of a horse. The representations alleged to have been falsely and fraudulently made were that "said mare was sound, and was only seven years old, was quiet in harness, a good worker, gentle, safe family mare, and would work well in harness, either single or double."

A jury rendered a verdict for the appellants for fifty-eight dollars. With the verdict the jury returned answers to interrogatories submitted by the parties. The appellees moved for judgment in their favor upon the special findings in answer to the interrogatories. The court sustained this motion, and this ruling is assigned as error.

The jury found specially that the animal was sound. One of the interrogatories requested the jury, if either of the appellees at or prior to the time of the sale made any false or fraudulent statements to either of the appellants relative to the horse, to state fully who made such statements, and what they were. In answer to this interrogatory the jury found that one of the appellees, as agent for the other, who was the owner, made false and fraudulent statements, "in that said mare was a quiet, suitable mare."

But the jury, in answer to another interrogatory, found that the appellants, before they purchased the animal, and while they were negotiating the purchase, obtained the horse from one of the appellees, said owner, for the purpose of trying and examining it, and hitched up, tried and examined it before the purchase, and that the horse conducted itself badly during said trial.

Thus, while the jury found that the agent made a false and fraudulent representation concerning the horse, it also specially appeared that the appellants did not rely upon that representation, but obtained the horse from the owner to test the matter for themselves, and that in the trial thereupon made by them they learned, before making the purchase, that the representation of the agent was not true.

It is scarcely necessary to say that an action for deceit can not be sustained by showing a representation upon which the plaintiff did not rely.

We are unable to say that the court erred in sustaining the motion of the appellees for judgment in their favor.

The judgment is affirmed, with costs.

Filed Sept. 18, 1891.