Filed May 12, 1892.

---

No. 546.

THE INDIANA FARMERS' LIVE STOCK INSURANCE COMPANY v. STRATTON.

INSURANCE.—*Premium Notes.*—*Suit on after Adjustment of Loss.*—*Set-off.*—*Former Adjudication.*—*Liability on Note.*—An action was brought on a note given in payment of a premium on an insurance policy, and before the note became due the horse, on which the policy was issued, died, and due proof of said loss was made to the company. Afterwards, and before the note was due, the company cancelled said policy, and tendered plaintiff his note, and demanded a surrender of the policy, which was refused, and suit was brought on the policy for the loss sustained. A judgment was rendered therein on the policy by agreement of the parties for the sum of $150, which was still in force when suit was brought on said note. At the time judgment was rendered by agreement, nothing was said concerning said premium note. The defendant claimed that the $150 was in full settlement of all matters between him and plaintiff growing out of said policy.

*Held*, that a judgment will not be a bar to a subsequent action unless the matter sued upon in such action might have been litigated in the action upon which the judgment rests, and the question as to what might have been litigated in the former action must be determined by the pleadings therein, and can not be proven by parol evidence; that the company was not bound, in the action on the policy, to set up the note in cross-demand, and was not barred from afterwards bringing an action on the same; that it could not be presumed that the amount of the

The Indiana Farmers' Live Stock Insurance Company. *v.* Stratton.

note was deducted in the settlement of the loss under the policy, unless the insurance policy provided for the payment of the premium before the payment of any loss.

From the Henry Circuit Court.

*M. E. Forkner*, for appellant.

*J. H. Mellett*, for appellee.

REINHARD, J.—The appellant brought this action in the court below against the appellee on a promissory note executed by the appellee to the appellant for the premium on an insurance policy. The appellee answered in one paragraph, averring "that the note mentioned in plaintiff's complaint was given in payment of the premium due on a certain policy of insurance executed by the plaintiff to the defendant insuring the defendant against loss by death of a certain stallion called 'Lord Darnley,' owned by the defendant, for the sum of five hundred dollars, and for no other consideration whatever; that before the maturity of said note said horse died; that the defendant made to plaintiff due proof of the death of said horse and said loss to the plaintiff; that thereafter, and before the maturity of said note, the plaintiff, by its general agent, S. W. Clawson, to wit, on the 11th day of November, 1889, cancelled said policy upon the alleged ground that the defendant had violated certain conditions of said policy, and returned to the defendant said note, and demanded of him the surrender of said policy; that the defendant refused to surrender the same, and thereupon instituted an action in the Henry Circuit Court of said State against the plaintiff upon said policy to recover $500, the amount thereof, to which action the plaintiff filed his answer and issue was joined thereon between the parties and such proceedings were had thereon, that afterward, to wit, on the — day of ——, 1890, the same being the — judicial day of the said Henry Circuit Court, a judgment was rendered therein upon said

policy by said court in favor of said defendant, by agreement of the parties, for the sum of one hundred and fifty dollars ($150), which judgment remains in full force and effect, unreversed and unsatisfied, in any manner; that said court had full and ample jurisdiction of the parties and subject-matter of said action; that at the time of the agreement between the parties for the rendition of said judgment nothing whatever was said or agreed upon between the parties as to said note, nor was the said note in any manner mentioned in the pleadings constituting the issues in said cause; that at the time of the agreement of the defendant to accept said sum of one hundred and fifty dollars and a judgment therefor against the defendant, he believed it was a full and final settlement of all matters between him and the plaintiff growing out of said policy and contract of insurance, and that he was to receive the said one hundred and fifty dollars without any deductions whatever, or further payments of premium in payment for his said loss. Wherefore," etc.

It was averred in the complaint that the note was in the hands of the defendant, and that, therefore, an exact copy could not be filed. An order was asked for and obtained requiring the appellant to produce the note in court, which seems to have been done. A substantial copy of the note was also filed with the complaint.

The appellant demurred to the answer, the demurrer was overruled, and the appellant excepted. This ruling is claimed to be erroneous.

Taking the averments of the answer as true, which we must do, for the purpose of the demurrer, we must assume that, notwithstanding the appellant's attempt to cancel the policy, both that instrument and the note remained in force.

It is insisted in the brief of the appellant's counsel that the company, as defendant in the suit on the policy, was not compelled to set up its cross-demand on the note, and

having failed to do so, the company is not barred from afterwards bringing its action upon the same. In this contention we are convinced the counsel are supported by the authorities. *Axtel* v. *Chase*, 83 Ind. 546; 2 Black Judg., section 767. A defendant in such an action is not bound to set up in a cross-action even a counter-claim, but may bring a separate suit upon the same afterwards. If he takes this course, however, he is required by a statutory provision to pay the costs of such subsequent action. Section 351, R. S. 1881; *Polley* v. *Wood*, 30 Ind. 407; *Norris* v. *Amos*, 15 Ind. 365.

As to a set-off which was not presented in the former action, it is well settled that a failure to plead it will not bar a subsequent action upon it. 1 Freeman Judg. (4th ed.), section 277 and authorities; *Judah* v. *Brandon*, 5 Blackf. 506; *Rankin* v. *Harper*, 4 Ind. 585; *Ulrich* v. *Drischell*, 88 Ind. 354. It is further true that no judgment will be a bar to a subsequent action, unless the matter sued upon in such action might have been litigated in the action upon which the judgment rests. But the question as to what might properly have been litigated in the former action must be determined by the pleadings therein, and can not be proved by parol evidence. *Gentry* v. *Purcell*, 84 Ind. 83; *Howe* v. *Lewis*, 121 Ind. 110; 1 Freeman Judg. (4th ed.), section 271 and notes; 2 Black Judg., section 614, *et seq.*

Appellee's counsel contend that the appellee could not have recovered anything in the suit upon the policy without having first paid the premium for the insurance policy. In this contention we can not wholly agree with the counsel. Whether the appellee could or could not have recovered on the policy without first paying or tendering the premium would depend, we take it, upon the contract between the parties. If the policy so provided, then there must be payment of the premium before payment of the loss. But as the pleadings do not show the

provisions of the policy upon the subject, nor what the contract provided, except as the same is disclosed by the face of the note in suit, we can not determine the actual provisions of the contract in so far as the note does not reveal it. The latter says nothing about any obligation to pay the premium before the company would pay for any loss. It is a plain note of hand, promising to pay the amount therein named six months after the date thereof, May 16, 1889, except that it purports on its face to be given " in payment of the premium due on a certain policy of insurance on payor's live stock, contracted for with the said Indiana Farmer's Live Stock Insurance Company." The only other provision in it is that if the company should decline to issue the policy, or if after issue loss should occur within ten days, the policy shall be null and void, " and the said company shall have the right to return to the payor this note and demand the surrender to them of the said policy or the receipt for this note, if any be given."

It will thus be seen that the note contains no stipulation whatever that it must be paid before the payment of any loss by the company. And as there is no averment anywhere that such a stipulation was contained in the contract of insurance, it must be presumed that none such existed, the burden being on the appellee to plead and prove a valid defence. But conceding that the company had the right to deduct the premium note from the amount of the loss, it by no means follows that it was compelled to do so, or that by a failure to make the deduction it waived any right to enforce the collection of the note in the future. The most that could be claimed for the appellee by the silence of the pleadings as to what the actual facts were with reference to the deduction of the premium, would be that it raises a presumption of such deduction, and even this can not be the case unless it be shown that the policy or insurance contract provides

for the payment of the premium before the payment of any loss. But that a failure to do so by mutual oversight will be construed as a waiver absolutely, or will constitute a bar to a future action for the premium, we are not prepared to affirm, nor has any authority been presented to sustain such a position.

The averments of the answer were no defence to the action on the note, and the demurrer should have been sustained.

Judgment reversed.

Filed May 12, 1892.