Filed April 4, 1894.

---

No. 1,143.

LINCOLN *v.* RAGSDALE.

PLEADING.— *Complaint.—False Representations.—Cause of Action.*—In an action for damages arising from false representations, it must be made to appear in the complaint that the plaintiff was misled thereby, and that the representations which are charged to have been false were made for the purpose of deceiving or defrauding the plaintiff, else he has no cause of action.

From the Lawrence Circuit Court.

*J. Giles*, for appellant.

*G. O. Isenminger*, for appellee.

Ross, J.—This cause is before this court for the second time, having been reversed on the former appeal, for error in overruling the demurrer to the complaint. *Lincoln* v. *Ragsdale*, 7 Ind. App. 354.

The cause was remanded to the court below, and, on the 20th day of September, 1892, the record shows the appellee filed his amended complaint.

The order-book entry, copied into the record immediately preceding the complaint, reads as follows: "Come the parties herein, by counsel, and the plaintiff files an amended complaint, which amended complaint is in the words and figures following, to wit:" Following this entry there is copied into the record a complaint consisting of three paragraphs.

To the first and second paragraphs, the appellant demurred. The demurrers were overruled, and exceptions saved.

The first three errors assigned in this court question the sufficiency of the complaint, the first being an assignment that the complaint does not state facts sufficient, while the second and third are based upon the rulings of the court in overruling the demurrers to the first and second paragraphs.

Under the first error assigned, the complaint must be considered as an entirety, and if either paragraph thereof is sufficient, the assignment must fail. *Thatcher* v. *Turney*, 7 Ind. App. 667, and cases cited.

The first paragraph of the complaint, as we find it in the record, is the original complaint, without any amendment or change from what it was when held to be insufficient, by this court, on the former appeal. This court having passed upon the sufficiency of that paragraph, and held it bad, that ruling will not now be reviewed. The court, therefore, erred in overruling the demurrer to the first paragraph of the complaint.

The second paragraph is, in substance, the same as the first, except that the appellee, instead of alleging simply that the appellant made certain representations "at the time of the making of the agreement" of purchase concerning the qualifications of the "jack" sold, alleges that the appellant warranted and represented to him "that said jack was good for breeding purposes," and "was a ready coverer and a sure foal getter, and that said warranty and representations so made" induced appellee to purchase said jack.

It is also alleged that the representations were false, as appellant well knew, and that the jack was not a ready coverer and a sure foal getter.

It is not alleged, however, that the appellee was ignorant of the falsity of these representations, but, on the contrary, it is specifically alleged in this paragraph that plaintiff (appellee) "well knew them to be so at the time of the making thereof."

We can not construe this paragraph as counting upon a breach of warranty, but, on the contrary, it was evidently intended as an action to recover on account of the alleged fraudulent representations of the appellant.

Representations which are false, and made for the purpose of deceiving, can not be made the basis of an action for damages, except they have misled one to his injury. However false the representations made by the appellant, if known by appellee to be false, he was not misled thereby. Unless the representations were false, and either their falsity known to appellant at the time of making, or so recklessly made as to evince a disregard of their effect upon appellee, and unless their falsity was unknown to the appellee, whereby he was misled, he has no cause of action.

The fourth error assigned is that "the court erred in overruling the demurrer to the third paragraph of the plaintiff's complaint."

The record does not contain a demurrer to the third paragraph of the complaint, or any ruling thereon, hence the sufficiency of this paragraph can be considered only under the first error assigned.

The third paragraph is also defective, in that it contains no allegation that the appellee was ignorant of the falsity of the representations made. Neither does it contain an allegation that the representations which are charged to have been false were made with the intention or for the purpose of deceiving or defrauding the appellee.

Neither paragraph of the complaint states facts suf-ficient to constitute a cause of action.

Judgment reversed, with instructions to the court be-low to grant appellee leave to amend his complaint.

Filed April 5, 1894.