## OLIVER v. HUBBARD ET AL.

[No. 4,079. Filed October 17, 1902.]

FRAUD. — *False Representations.* — *Deceit.* — *Damages.* — *Complaint.* — A complaint for damages on account of false and fraudulent representations made by defendant in a settlement must allege that the representations charged to have been false were made with the intention or for the purpose of defrauding or deceiving plaintiff, and that she believed such representations to be true and was deceived thereby.

From Marion Superior Court; *J. L. McMaster*, Judge.

Action by Ceatta Oliver against Willard W. Hubbard and another for damages for alleged false representations in a settlement. From a judgment in favor of defendants, plaintiff appeals. *Affirmed.*

*H. N. Spaan*, for appellant.
*F. C. Groninger* and *T. E. Groninger*, for appellees.

WILEY, C. J.—Appellant sued appellee Hubbard to recover damages on account of alleged fraudulent representations in a settlement had between said Hubbard and his co-appellee Oliver. A demurrer was sustained to her amended complaint, and, refusing to plead over, judgment was rendered against her for costs. The overruling of such demurrer is the only error assigned. The amended complaint avers that on or about the 28th of March, 1893, the appellee John W. Oliver, who was appellant's husband, entered into a written agreement with appellee Hubbard, by the terms of which Hubbard sold to Oliver certain real estate in Marion county, Indiana, and a stock of general merchandise situate in a store building upon a part of such real estate, which stock invoiced for the sum of $4,000, and the consideration of said entire sale being $8,500; that by the terms of said contract appellee Oliver executed to his co-appellee Hubbard seven promissory notes of $1,000 each, payable in one, two, three, four, five, six, and

seven years from date, and also one of $1,500, the latter being evidenced by notes executed by said Oliver, with said Hubbard as surety, and which said latter notes the said Oliver agreed to pay as additional consideration for said conveyance; that by the terms of said agreement the title to all said property was to remain in said Hubbard until all the amounts, before specified, were paid, and that when said indebtedness should be reduced to $3,000, then said Hubbard was to execute his warranty deed for said real estate, and a bill of sale for said merchandise, conveying same to said Oliver, or to such person as he might designate, and thereupon said Hubbard was to take a mortgage on said real estate to secure the balance then due; that by the further terms of said agreement the said Hubbard and Oliver were to form a copartnership under the name of the Acton Supply Co., and that the said Oliver was to operate the same, and was to keep a correct account of the receipts and expenses of said business, and that he was to turn over to said Hubbard the receipts of said business, less the expenses, and that by the terms of the said agreement it was made the duty of said Oliver to keep a "pass-book" wherein he should enter a concise statement of amounts due and owing him, and all other sums and amounts advanced by him in said business, together with a correct statement of amounts and debts of all kinds paid him by said Oliver. The contract between said Oliver and Hubbard was reduced to writing, and a copy of it was filed with the amended complaint and made a part thereof.

It is further charged that on or about the 12th day of July, 1894, a settlement was had between the said Oliver and Hubbard touching matters growing out of said contract, and that said settlement was had for the purpose of ascertaining the exact amount that had been paid by said Oliver under his contract with said Hubbard, and for the purpose of settling all the differences then existing between said parties, growing out of said contract. It is also

Oliver *v.* Hubbard.

averred that the further purpose of said settlement was to convey the property mentioned in said contract, both real and personal, to appellant, she being the person designated by said John W. Oliver as the one to whom said property should be conveyed and transferred, and that the said settlement was to ascertain how much had been paid under said contract, and said amount was to be treated, between said John W. Oliver and Hubbard, and the appellant, as a part payment for the purchase price of the property to be so conveyed and transferred; that all the rights of said John W. Oliver in said contract had, at that time, been assigned to appellant; that at said settlement appellee Hubbard falsely and fraudulently represented that he had expended for and on account of the Acton Supply Co. the sum of $1,800, and upon his representation he had been credited for that amount in said settlement, when, in fact, he had not paid said amount at all; that he claimed to have paid out said sum upon debts of the Acton Supply Co., when, in fact, said debts were not paid; and that appellant and her said husband had no means to determine at the time of settlement whether such representations were true or false, but that said knowledge was wholly in the bosom of the said Hubbard. It is further charged that the appellee Hubbard agreed that the appellant, as a part consideration of said settlement, was to assume and pay the debts of the Acton Supply Co. to the amount of $3,500, it being represented to her by Hubbard that these were all debts of said company, and said Hubbard having at the time full knowledge of the indebtedness of said company, and appellant having no such knowledge or means of knowledge; that said representations were false and fraudulent, in that the actual debts of the Acton Supply Co. amounted to $4,700, all of which appellant was compelled to and did pay. It is further charged that in said settlement it was represented by said Hubbard that he had paid the sum of

Vol. 29—41

$1,500 on the note hereinbefore mentioned, executed by said John W. Oliver, and secured by appellee Hubbard, and he claimed said amount of $1,500 as a credit due to him, upon said settlement, and that said credit was allowed him, when, in fact, said representation was falsely and fraudulently made, in that he had not paid such note, but appellant was afterwards compelled to pay the same out of the proceeds of the Acton Supply Co., after she became the owner thereof as assignee. The settlement made between the appellant and the appellees on the 12th day of July, 1894, was reduced to writing and was made an exhibit to the amended complaint.

The complaint relies upon the false and fraudulent representations of appellee Hubbard as to three separate and distinct items embraced in the settlement between him and John W. Oliver, entered into and reduced to writing July 12, 1894: (1) That he falsely and fraudulently represented that he had paid in discharge of debts of the Acton Supply Co. $1,800; (2) that he falsely represented that the debts of the Acton Supply Co. aggregated $3,500, when in fact they amounted to $4,700; (3) that he had paid a note of $1,500 executed by John W. Oliver upon which he was surety. It is averred that, by' reason of such false and fraudulent representations, appellee Hubbard in such settlement obtained credit for said items of $1,800 and $1,500, and that appellant was compelled to pay the same, and also to pay the indebtedness of said company in the sum of $4,700, instead of $3,500, as represented by appellee Hubbard.

The complaint fails, both in direct terms or by reasonable inference, to aver that appellant relied upon the alleged false and fraudulent representations and believed them to be true. Neither does it contain an allegation that the representations which are charged to have been false were made with the intention or for the purpose of deceiving or defrauding the appellant. This was essential.

*Lincoln* v. *Ragsdale,* 9 Ind. App. 555. If appellant did not rely upon the representations complained of, she could not have been misled by them to her injury. In the case of *Burden* v. *Burden,* 141 Ind. 471, it was said: "A complaint based upon fraudulent representations must aver that the party complaining relied upon the same." One who charges fraud must plead the facts constituting the same, for, as the presumption is in favor of fair dealing, nothing is to be taken by intendment or inference. *Conant* v. *National State Bank,* 121 Ind. 323. The party making false and fraudulent representations must intend to deceive, and the person to whom they are made, using ordinary care to ascertain their truth, must reasonably believe them to be true, and, acting upon them in good faith, be thereby deceived to his prejudice. *Hardy* v. *Brier,* 91 Ind. 91. The plaintiff in such case must aver in his complaint that he was induced to act by reason of the false representations complained of, and was thereby mislead. 8 Ency. of Pl. & Pr., 903. See, also, *Kain* v. *Rinker,* 1 Ind. App. 86; *Denny* v. *Woods,* 2 Ind. App. 301; *Lincoln* v. *Ragsdale, supra.* These principles are familiar, and, in applying them to the case at hand, we are compelled to declare against the sufficiency of the amended complaint.

Counsel have discussed other phases of the complaint, but, as the action of the trial court in sustaining the demurrer must be upheld for the reasons given, it is unnecessary to decide other questions. Judgment affirmed.