## CHURCH ET AL. v. BAUMGARDNER.

[No. 6,833.   Filed June 2, 1910.   Rehearing denied December 13, 1910.]

1. CONTRACTS.—*Misrepresentations.*—*Rescission.*— *Complaint.* — A complaint to rescind a contract for false representations must allege that the representations made by defendants were false, that defendants knew them to be false, that the plaintiff was ignorant of their falsity, relied upon the truth thereof, and was misled to his damage.  p. 571.

2. CONTRACTS.—*Fraud.*— *Breach.*— *Rescission.*— *Combining Causes of Action.*—A party defrauded by a contract may sue for damages for a breach thereof, or may rescind, but he cannot do both in the same action.  p. 571.

From Wells Circuit Court; *Charles E. Sturgis,* Judge.

Action by Orin W. Baumgardner against Emery Church and another. From a judgment for plaintiff, defendants appeal. *Reversed.*

*A. W. Hamilton* and *Eichhorn & Vaughn,* for appellants.
*Abram Simmons* and *Frank C. Dailey,* for appellee.

WATSON, P. J.—This action was brought by appellee against appellants to recover a horse, together with the sum of $80 paid by appellee to appellants as boot in an exchange of property, and for damages. The complaint was in three paragraphs, the first was in simple replevin, the second was for rescission of contract and damages, and the third was for breach of warranty and damages. Appellants filed a separate and several demurrer for want of facts to each of these paragraphs, which was overruled and exceptions taken. The verdict was in favor of appellee on the first and second paragraphs of complaint, upon which the court rendered judgment.

The errors relied upon for reversal are the overruling of the separate and several demurrer of appellants to appellee's second paragraph, and the overruling of appellants' motion for a new trial.

Church v. Baumgardner—46 Ind. App. 570.

The first error assigned is the overruling of the demurrer to the second paragraph of complaint. This paragraph proceeds upon the theory of the rescission of a con-

1. tract by reason of the fraud perpetrated upon appellee in the exchange of property. The appellants insist that a complaint for the rescission of a contract, where fraudulent representations are relied upon to withstand a demurrer, should aver in positive and direct terms that the representations which induced the making of the contract were relied on, that they were false, that they were known to be false by the appellants when they made them, and that appellee did not know of their falsity and was misled to his damage by such false and fraudulent representations. In this contention appellants are correct. 1 Beach, Modern Law of Contracts §804; *Oliver* v. *Hubbard* (1902), 29 Ind. App. 639; *Conant* v. *National State Bank* (1889), 121 Ind. 323; *Burden* v. *Burden* (1895), 141 Ind. 471; *Board, etc.,* v. *Wolff* (1906), 166 Ind. 325.

This paragraph of complaint does not aver directly or by any reasonable inference these necessary allegations. Appellee does not controvert this fact, but asserts

2. that an examination of the paragraph will show it merely alleges an express warranty by appellants. A defrauded person has his option to sue for damages or to rescind, on account of the fraud. He cannot sue on the contract to recover damages for its breach, and at the same time repudiate it.

The demurrer to this paragraph should have been sustained. It is unnecessary to pass upon the other alleged error, as it may not occur at a retrial of this cause.

We regret very much that we are compelled to reverse this case, for the reason that the record discloses that appellants acted in disregard of any moral sense of honor in this transaction.

Judgment reversed, with leave to appellee to amend his pleadings.