## LINDERMAN MACHINE COMPANY *v.* HILLENBRAND COMPANY.

[No. 10,053.    Filed June 18, 1921.    Rehearing denied November 16, 1920.    Transfer denied March 10, 1921.]

1.    SALES.—*Fraud.—Rejection of Goods.—Recovery of Special Damages.*—One purchasing machinery under a contract giving

Linderman Machine Co. *v.* Hillenbrand Co.—75 Ind. · App. 111.

the right to reject after trial may not only reject, but may thereafter sue for special damages resulting from the fraud inducing the execution of the contract.   pp. 114, 116, 117.

2.   SALES.—*Fraud.*—*Rescission of Contract.*—*General and Special Damages.*—Ordinarily the buyer's rescission of a contract for fraud inducing its execution will preclude any subsequent claim for general damages for the fraud, as the claim for such damages is founded on the continued existence of the sale which has been put at an end by the rescission, but where the buyer has suffered special damages as distinguished from general damages, he may after rescission recover for such special damages.   p. 115.

3.   FRAUD.—*Damages.*—In an action for fraud, the damages to be recovered must be the natural and proximate consequence of the act complained of.   p. 116.

4.   JUDGMENT.—*Conclusiveness.*—*Failure to Assert Counterclaims.*—*Subsequent Action.*—Although a party when sued must interpose all defenses which he has, and as to them, whether pleaded or not, the judgment is conclusive, it is not conclusive as to an affirmative right or cause of action which he may have against the plaintiff and which he could have asserted by a counterclaim, since he was not bound to counterclaim, and, on his failure to do so, his rights with reference thereto will not be deemed adjudged.   p. 118.

5.   JUDGMENT.—*Conclusiveness.*—*Matters Not in Issue.*—Where, in a seller's action for the purchase price of machinery, fraud in inducing the execution of the contract was successfully set up solely as a defense, and there was not issue of the purchaser's right to recover special damages for the fraud, the judgment that plaintiff take nothing is not available under a plea of *res adjudicata* in a subsequent action for special damages resulting from the fraud.   p. 118.

6.   JUDGMENT.—*Res Adjudicata.*—*Evidence as to Issues.*—*Pleadings.*—In order to determine the matters in issue in a former action and what was adjudicated therein, resort must be had to the pleadings.   p. 119.

7.   APPEAL.—*Review.*—*Conclusions of Law.*—*Findings.*—*Sufficiency.*—Where the facts, as found by the court, follow a good complaint they are sufficient to sustain conclusions of law in favor of plaintiff.   p. 119.

From Ripley Circuit Court; *Robert A. Creigmile,* Judge.

Action by the Hillenbrand Company against the

Linderman Machine Company.   From a judgment for plaintiff, the defendant appeals.   *Affirmed.*

*Cross, Vanderwerp, Foote & Sessions, H. Nathan Swaim, Francis M. Thompson* and *George H. Batchelor,* for appellant.

*Korbly & McNutt* and *Roland H. Jackson,* for appellee.

McMAHAN, C. J.—The appellant sold appellee a machine known as a "jointer and matcher." The appellee having failed to pay for said machine, appellant in July, 1914, filed its complaint in the District Court of the United States for the District of Indiana to recover the purchase price. Appellee appeared to said action and filed its answer, the first paragraph being a general denial. The second paragraph alleged fraud on the part of appellant in inducing appellee to purchase the machine. The third paragraph alleged a conditional purchase of the machine, its installation and operation by appellant for two weeks in an effort to demonstrate that it would successfully do the work for which it was intended; that the machine failed to do said work successfully; that appellee refused to accept the machine, and notified appellant to remove it from appellee's factory; that appellee had faithfully fulfilled every obligation on its part as required by the contract of purchase. Upon the trial a judgment was rendered in favor of appellee that appellant take nothing.

After the rendition of this judgment in the United States District Court, appellee instituted this action against appellant to recover damages for fraud and deceit. It is alleged in the complaint herein that appellant by fraud induced appellee to sign an order for the purchase of the machine to be delivered to appellee on trial and subject to its approval, and that the machine

was to be installed by appellant in appellee's factory at Batesville, Indiana, and that, by reason of the fraud of appellant, appellee had been put to great expense in installing said machine, in paying freight on it, in removing it from its factory where installed, and in loss of material and time in attempting to operate it. A demurrer for want of facts having been overruled, appellant filed an answer in three paragraphs, the first being a general denial. The second paragraph alleges that appellant had brought its action against appellee in the United States District Court for the District of Indiana to recover the purchase price of said machine; that said cause was put at issue, a trial had upon its merits, and judgment rendered in said cause in favor of appellee; and that the cause of action stated in appellee's complaint herein could have been filed by way of cross-complaint in said action, but was not.

The third paragraph is similar to the second, the main difference being that the pleadings in the United States District Court and the judgment are set out in full. Appellee's demurrer for want of facts to the second and third paragraphs of answer herein was sustained. The court found the facts specially and stated its conclusions of law thereon in favor of appellee. The judgment followed the conclusions of law. Appellant filed its motion for a new trial, the specifications not waived being that the decision of the court is (1) not sustained by sufficient evidence, and (2) is contrary to law.

Appellant's main contentions are: (1) That an action for damages for fraud in inducing appellee to enter into the contract for the purchase of the machine will not lie because such sale was made upon trial subject to rejection by appellee after trial and that appellee's only remedy is rejection; (2) that appellee having filed an answer in the Federal Court wherein it set up the alleged fraud as a defense and having failed

NOVEMBER TERM, 1920.        115

Linderman Machine Co. *v.* Hillenbrand Co.—75 Ind. App. 111.

in that action to ask affirmative relief by way of cross-complaint, is now barred from prosecuting the present action. We cannot agree with appellant in either of these contentions. Nor can we agree with the statement of appellant that appellee's action for damages is predicated on an affirmance of the contract and that the institution of the action for damages is in itself an affirmance of the sale. This is an action for damages occasioned by the fraud of appellant and not an action for a breach of a warranty. In *J. I. Case Threshing Mach. Co.* v. *Badger* (1914), 56 Ind. App. 399, 105 N. E. 576; *Nave* v. *Powell* (1913), 52 Ind. App. 496, 96 N. E. 395; and *Burke* v. *Keystone Mfg. Co.* (1898), 19 Ind. App. 556, 48 N. E. 382, cited by appellant, the purchaser in each case was claiming damages on account of a breach of warranty. The court in each of these cases, as it did in *Church* v. *Baumgardner* (1910), 46 Ind. App. 570, 92 N. E. 7, recognized the right of a defrauded purchaser to rescind and sue for damages on account of the fraud. If a buyer rescinds the sale, this will

2. ordinarily preclude any subsequent claim for general damages for the fraud, as the claim for such damages is founded on the continued existence of the sale which has been put at an end by the rescission. But, where the buyer has suffered special damages as distinguished from general damages, he may, according to the better view, after rescission recover such special damages. 24 R. C. L. 353; note 31 L. R. A. (N. S.) 911; 14 Am. and Eng. Ency. (2d ed.) 179; *Hedden* v. *Griffin* (1884), 136 Mass. 229, 49 Am. Rep. 25; *Mack* v. *Latta* (1904), 178 N. Y. 525, 71 N. E. 97, 67 L. R. A. 126; *Smith* v. *Bolles* (1889), 132 U. S. 125, 10 Sup. Ct. 39, 33 L. Ed. 279; *McRae* v. *Lonsby* (1904), 130 Fed. 17, 64 C. C. A. 385; *Faris* v. *Lewis* (1842), 2 B. Mon. (Ky.) 375; *Warren* v. *Cole* (1867),

15 Mich. 265; *Atlanta, etc., R. Co.* v. *Hodnett* (1859), 29 Ga. 461.

In *Hackney Mfg. Co.* v. *Celum* (1916), (Tex. Civ. App.) 189 S. W. 988, appellee purchased a tractor and plow from appellant with the understanding that

1. he was to have .the privilege of testing the machinery for the purpose of seeing work which it would do before accepting it.    Promissory notes were executed in part payment, and on appellee's failure to pay, suit was instituted.  Appellee filed a cross-complaint in which he charged that the contract was obtained through fraud, and that in testing the machinery he had incurred expenses of $244 for labor, gasoline and lubricating oil in testing the machinery, which consisted of a tractor, engine and plow.   The court in discussing the right of a purchaser upon his rescission of a contract for fraud said:   "The rule is well settled that upon rescission of a contract for fraud inducing its execution, the purchaser is entitled to recover back the purchase price, if already paid, with such special damages, if any, as could have been reasonably contemplated as a result of the fraud.   And when the purchaser has incurred necessary expenses, which are the direct and proximate consequence of the fraud, such expenses should certainly be taken into consideration as a proper element of special damages."

It was held in *Farris* v. *Ware* (1872), 60 Me. 482, that the buyer of personal property who had rescinded the contract for fraud could recover expenses for repairs.

In an action for fraud, the damages to be recovered must always be the natural and proximate consequence of the act complained of.  *Hartford Life Ins.*

3.  *Co.* v. *Hope* (1907), 40 Ind. App. 354, 365, 81 N. E. 595, 1088.

The theory of the courts in granting relief to a purchaser in an action by him for fraud is that the loss

sustained by him, and which is the natural result of the fraud, should be made good, and that he should be placed, as near as practicable, in as good condition as he was prior to the perpetration of the fraud.

In *Accumulator Co.* v. *Dubuque St. R. Co.* (1894), 64 Fed. 70, 12 C. C. A. 37, where a seller warranted a system of storage batteries which he knew would necessitate an expenditure by the buyer, for the construction of a shifting device in installing such system, it was held that in an action for breach of the warranty the purchaser was entitled to recover the cost of such installation, the court saying: "Compensation for pecuniary loss that is the direct, natural, and immediate consequence of a breach of warranty is both the just and legal measure of a purchaser's damages." To the same effect see *Sinker, Davis & Co.* v. *Kidder* (1890), 123 Ind. 528, 24 N. E. 341, and *Drake* v. *Sears* (1880), 8 Ore. 209.

"The principle of compensation for the injury readily adapts itself to each individual case though the class is of infinite variety; it embraces very obviously the direct and immediate injury; it extends, also, as has been shown, to all the natural and proximate consequences, and these are construed to comprehend all those which ensue naturally from the fraud and could be foreseen as its probable effect according to the usual course of events and the general experience." 4 Sutherland, Damages (4th ed.) §1166. "If one is fraudulently induced to enter into a contract or pursue a course of action from which expenditures have naturally succeeded or in consequence of which he has been compelled to pay money or devote his time, the expenditures, with interest thereon, and the loss of time will be elements of damage." 4 Sutherland, Damages (4th ed.) §1171.

We will now give our attention to the second contention of appellant. Appellant in its brief says that the

facts pleaded in the complaint in this cause were successfully pleaded as a defense in the action brought by appellant for the purchase price of the machine, and contends that appellee, having failed to plead the facts and ask for affirmative relief by a cross-complaint in the former action, cannot recover damages in an action brought for that purpose.

It is true that a party when sued must interpose all defenses which he has, and as to them, whether pleaded or not, the judgment is conclusive; but it is not

4. conclusive as to an affirmative right or cause of action which he may have against the plaintiff and of which he could have taken advantage by way of cross-complaint. He is not compelled to file his cross-complaint, and, on his failure to do so, his rights with reference thereto will not be adjudged. §356 Burns 1914, §351 R. S. 1881; *Franke* v. *Franke* (1896), 15 Ind. App. 529, 43 N. E. 468; *Howe* v. *Lewis* (1889), 121 Ind. 110, 114, 22 N. E. 978; *Goble* v. *Dillon* (1882), 86 Ind. 327, 335, 44 Am. Rep. 308; *Indiana, etc., Ins. Co.* v. *Stratton* (1891), 4 Ind. App. 566, 569, 31 N. E. 380; *Gates* v. *Newman* (1897), 18 Ind. App. 392, 405, 46 N. E. 654; *Reichert* v. *Krass* (1895), 13 Ind. App. 348, 40 N. E. 706, 41 N. E. 835; *Barth* v. *Burt* (1865), 43 Barb. (N. Y.) 628; *Davenport* v. *Hubbard* (1873), 46 Vt. 200, 14 Am. Rep. 620.

There was no issue in the action brought by appellant in the federal court to recover the purchase price tendered by the appellee herein as to the right of

5. appellee to recover the expenses which it had been put to in installing the machinery, and without such issue therein appellant is not in position now to invoke against appellee the doctrine of *res adjudicata*. *Williams* v. *Harrison* (1920), 72 Ind. App. 245, 123 N. E. 245.

Wells, Res Adjudicata §268, in referring to cross-

NOVEMBER TERM, 1920.    119

Linderman Machine Co. *v.* Hillenbrand Co.—75 Ind. App. 111.

claims and set-offs, says: "It has been held that where a defendant has a set-off or counterclaim, applicable to the subject-matter of a suit brought against him, he may produce it, but is not bound to do so. But if he does submit it to litigation, he is bound by the results. The parties are at liberty to settle their controversies in such cases in one suit, or by separate actions."

6. In order to determine what was in issue and what was adjudicated in the former action, resort must be had to the pleadings. The right of the appellee to recover damages on account of the alleged fraud was not put in issue by the pleading in the former suit, hence such question could not be determined by the judgment entered in such suit. *Finley* v. *Cathcart* (1898), 149 Ind. 470, 48 N. E. 586, 49 N. E. 381, 63 Am. St. 292; *Williams* v. *Harrison, supra; Beaver* v. *Irwin* (1892), 6 Ind. App. 285, 33 N. E. 462.

Appellee successfully pleaded fraud as a defense in the action brought by appellant in the federal court for the purchase price of the machine. The allegations of fraud in that answer and in appellee's complaint herein are the same. We are not advised and do not know whether the sufficiency of that answer was tested by a demurrer. It would seem that the court and the parties treated the facts alleged in the answer as stating a good defense; but, be that as it may, we are satisfied that the facts alleged in the complaint are sufficient to show fraud. There was no error in overruling the demurrer to the complaint or in sustaining the demurrer to the second and third paragraphs of answer.

7. The facts as found by the court follow the complaint. The conclusions of law were in favor of appellee. The complaint being good, it follows that the facts sustain the conclusions of law.

The appellant contends that the decision of the court is not sustained by sufficient evidence (1) for the reason

that the machine was purchased subject to appellee's approval or disapproval, and (2) for the reason that the evidence shows that the expenditures which appellee made in installing and removing the machine were made on its own initiative and responsibility for the purpose of satisfying itself by a test of the machine and not in reliance upon the alleged false representations of appellant.

What we have heretofore said in discussing the demurrers to the complaint and answers disposes of the first of these objections. In so far as the second objection is concerned, the evidence is sufficient to sustain the finding of the court.

Judgment affirmed.