## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 30 2016, 8:51 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

William J. O'Connor
Hammond, Indiana

ATTORNEY FOR APPELLEES

Joseph Banasiak
Highland, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Hugo Torres,

*Appellant-Plaintiff,*

v.

Dean White and Town and Country Remodeling, Inc.,

*Appellees-Defendants*

December 30, 2016

Court of Appeals Case No.
45A05-1608-PL-1892

Appeal from the Lake Superior Court

The Honorable John M. Sedia, Judge

Trial Court Cause No.
45D01-1510-PL-99

**Crone, Judge.**

## Case Summary

[1]     Hugo Torres sued Dean White and Town and Country Remodeling, Inc. ("Town and Country") (collectively "Appellees"), for breach of contract and fraud and filed a motion for judgment on the pleadings. The trial court granted

the motion on the issue of liability and set a hearing on damages. After the hearing, the trial court entered judgment in favor of Torres and against Town and Country for $11,600. Torres now appeals, claiming that the damages award is inadequate. We disagree and therefore affirm.

## Facts and Procedural History

Torres owns a home in Hammond. In August 2013, Torres signed a contract with Town and Country to perform certain repairs on the home's exterior. White signed the contract for Town and Country; the preprinted line beneath his signature reads, "SALESMAN TOWN & COUNTRY REMODELING[.]" Ex. 5. Pursuant to the contract, Torres made a down payment of $10,000 to Town and Country. Town and Country did not perform any work on Torres's home.

In October 2015, Torres filed a complaint against Appellees for breach of contract and fraud. The complaint reads in relevant part as follows:

> 7. Part of [Appellees'] performance of the parties' contract was to remedy the alleged breaches by [Torres] of the City of Hammond Building Code Ordinances.[1]

> 8. Due to [Appellees'] total failure to perform, [Torres] was subjected to ordinance violation proceedings and on October 1, 2015, due to [Appellees'] non-performance a bid award for the

---

[1] The code violations were the subject of two prior appeals: *Torres v. City of Hammond*, 12 N.E.3d 908 (Ind. Ct. App. 2014), and *Torres v. City of Hammond*, No. 45A03-1210-OV-430, 2013 WL 2146483 (Ind. Ct. App. May 15, 2013), *trans. denied*.

demolition of [Torres's] residence [was] made by the City of Hammond Board of Public Works and Safety. That award was completed and [Torres's] home and residence will be demolished in approximately 45 to 60 days due to [Appellees'] breach of contract.

9. [Appellees] have therefore breached the contract with [Torres], who has been damaged in the sum of $100,000.

….

Wherefore, [Torres] requests judgment against [Appellees] in the sum of one hundred thousand dollars ($100,000.00), plus punitive damages, attorney fees, costs and all other proper relief.

….

12. That [Appellees] fraudulently concealed from [Torres] that [Appellees] did not possess a City of Hammond Building license, contracting license, or any other authority to lawfully do business in the City of Hammond.

13. That [Appellees] had no intention of obtaining said licenses during the course of their performance, which became non-performance.

14. [Torres] relied on the representation of [Appellees], and would not have entered into the contract or paid [Appellees] the ten thousand dollars had he known of [Appellees'] false and fraudulent representation.

15. [Appellees'] conduct was malicious, fraudulent, and oppressive, justifying an award of punitive damages.

Appellant's App. at 18-19. Torres's home was demolished in November 2015.

[4]     In their reply to Torres's complaint, Appellees admitted to receiving $10,000 from Torres and not repairing his home. Torres filed a motion for judgment on the pleadings on the issue of liability and requested a hearing on damages. The trial court granted the motion, and a damages hearing was held in July 2016. At the hearing, Torres withdrew his request for punitive damages.

[5]     After the hearing, the trial court issued an order that reads in pertinent part as follows:

> 1. Torres entered into a contract to have work done upon the house he owned located in Hammond, Indiana … with [Town and Country]. The contract imposed no personal liability upon White, so no damages for its breach are attributable to him.
>
> 2. Town and Country breached the contract with Torres, took $10,000.00 from Torres, and performed no work upon the house. Town and Country is liable to Torres for $10,000.00 plus prejudgment interest from and after August 28, 2013 through July 20, 2016.
>
> 3. The code violation proceedings pursued by the City of Hammond, Indiana regarding the house, culminating in an agreement executed between Torres and Hammond after Torres's contract with Town and Country regarding repairs to the house to bring it into compliance and the ultimate demolition of the house by Hammond had nothing to do with Torres's contract with Town and Country. Town and Country was contractually obligated to do the repairs upon the house specifically set forth in the contract. Nothing in the contract obligated Town and Country to bring the house into compliance with the Hammond building code. Torres is not entitled to any damages from Town and Country for the activities by Hammond in executing its own contract with Torres as to what was necessary to bring the house

into compliance nor Hammond's demolition of the house.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court as follows:

1. Judgment is entered in favor of [Torres] and against [Town and Country] for the amount of $10,000.00, together with prejudgment interest in the amount of $1,600.00 for a total of $11,600.00 plus the costs of filing this case.

2. [Torres] shall take nothing from [White].

*Id*. at 14-15. Torres now appeals.

# Discussion and Decision

[6] The gist of Torres's argument is that the trial court's damages award is inadequate. "[T]he appropriate measure of damages in a breach of contract case is the loss actually suffered as a result of the breach." *Roche Diagnostics Operations, Inc. v. Marsh Supermarkets, LLC*, 987 N.E.2d 72, 89 (Ind. Ct. App. 2013), *trans. denied*. The injured party may recover the benefit of its bargain but is limited in its recovery to the loss actually suffered. *L.H. Controls, Inc. v. Custom Conveyor, Inc.*, 974 N.E.2d 1031, 1043 (Ind. Ct. App. 2012). "The burden of pleading and proving damages rests with the plaintiff. Even if the plaintiff can show a breach of contract, he will not be entitled to a recovery of damages if he can prove no injury resulting from the breach." *Rauch v. Circle Theatre*, 176 Ind. App. 130, 139-40, 374 N.E.2d 546, 553 (1978) (citation omitted), *trans. denied*. In a breach of contract action, damages must be proven with reasonable certainty. *R & R Real Estate Co. v. C & N Armstrong Farms, Ltd.*,

854 N.E.2d 365, 370 (Ind. Ct. App. 2006). "The damages claimed must be the natural, foreseeable, and proximate consequence of the breach." *L.H. Controls, Inc.*, 974 N.E.2d at 1043. This principle also applies to fraud claims. *See Linderman Mach. Co. v. Hillenbrand Co.*, 75 Ind. App. 111, 116, 127 N.E. 813, 815 (1920) ("In an action for fraud, the damages to be recovered must always be the natural and proximate consequence of the act complained of."), *trans. denied*. The party seeking consequential damages bears the burden of proving by a preponderance of the evidence that the breach was the cause in fact of its loss. *L.H. Controls, Inc.*, 974 N.E.2d at 1043.

[7] The computation of damages is a matter within the trial court's sound discretion. *Fischer v. Heymann*, 12 N.E.3d 867, 870 (Ind. 2014). "When the specific issue on review relates to questions of inadequate or excessive damages, we should not reverse a damage award if the award is within the scope of the evidence before the trial court, and we may not reweigh the evidence or judge the credibility of the witnesses." *Randles v. Ind. Patient's Comp. Fund*, 860 N.E.2d 1212, 1230 (Ind. Ct. App. 2007), *trans. denied*. As the party that had the burden of proving damages, Torres is appealing from a negative judgment and must establish that the damages award is clearly erroneous or contrary to law to have it set aside. *R & R Real Estate Co.*, 854 N.E.2d at 371.

[8] Torres's argument is best summarized in the conclusion section of his brief:

> Torres did not receive just and legal relief, he received no compensation for his home, demolished due to the wrongful conduct of defendants, and valued by him and his lender at

$100,000. This court should reverse the trial court and direct that recovery[,] as well as recovery for personal property, and for attorney fees for defendants' fraudulent and oppressive conduct, against both defendants.

Appellant's Br. at 16 (citation omitted).[2]

[9] At the damages hearing, Appellees presented evidence that Torres's home required much more work than they had been contracted to perform in order to avoid being demolished for building code violations. *See* Tr. at 56 (cross-examination of Torres: "Q. Now, the contract you made with Town and Country did not include any of the electrical, plumbing, heating, ventilation, or rafter work, correct? A. Correct."). Consequently, the trial court would have been well within its discretion to conclude that Appellees' failure to perform under the contract was not the cause in fact of the home's demolition.[3] The same goes for any fraud on Appellees' part regarding licensure. Furthermore, Torres presented no evidence regarding the value of any personal property that was damaged as a result of the demolition. Town and Country admitted that it owed Torres $10,000 plus interest, and Torres failed to prove by a

---

[2] The parties presented conflicting evidence regarding the home's value. Based on photos, Appellees' appraiser valued the home at the time of demolition at $30,000. Torres valued the home at $100,000 based on a refinancing that occurred in 2006, almost ten years before the house was demolished for numerous building code violations. Had the home's value become relevant as to damages, the trial court would have been free to believe whichever witness it found more credible or make its own determination based on the evidence before it.

[3] A nonbreaching party has a duty to mitigate its damages. *Scott-LaRosa v. Lewis*, 44 N.E.3d 89, 94 (Ind. Ct. App. 2015). There is no evidence that Torres attempted to hire another contractor to perform the work that Appellees failed to perform. In fact, Torres admitted that he had not hired a contractor to perform all the additional work required to avoid demolition. Tr. at 57.

preponderance of the evidence that he was entitled to any more than this.[4]

Therefore, we affirm the trial court.

[10] Affirmed.


Riley, J., and Altice, J., concur.

---

[4] Torres cites no legal basis for his request for attorney's fees or for holding White personally liable under the contract. To the extent he argues that he is entitled to attorney's fees and damages from White based solely on the allegations in his complaint and the granting of his motion for judgment on the pleadings, we note that "we need not credit nonfactual assertions and legal conclusions." *Young v. Ind. Dep't of Corr.*, 22 N.E.3d 716, 718 (Ind. Ct. App. 2014), *trans. denied* (2015).