In the

# United States Court of Appeals

## For the Seventh Circuit

No. 12-2081

ERIC GRANDBERRY,

*Petitioner-Appellant*,

*v.*

STEVE KEEVER,[*]

*Respondent-Appellee*.

Appeal from the United States District Court for the
Southern District of Indiana, Terre Haute Division.
No. 2:11-cv-00186-WTL-WGH — **William T. Lawrence**, *Judge.*

ARGUED APRIL 23, 2013 — DECIDED NOVEMBER 5, 2013

Before RIPPLE and HAMILTON, *Circuit Judges*, and
STADTMUELLER, *District Judge.*[**]

---

[*] Pursuant to Rule 43 of the Federal Rules of Appellate Procedure, we have substituted Steve Keever for Stanley Knight as the respondent-appelle.

[**] Hon. J. P. Stadtmueller of the Eastern District of Wisconsin, sitting by designation.

HAMILTON, *Circuit Judge.* Eric Grandberry petitioned for habeas corpus relief under 28 U.S.C. §2254. His petition did not seek relief from his criminal conviction, but from a disciplinary sanction that a state prison had imposed against him. The sanction was a loss of "good-time" credits that will extend by 30 days the time he spends in custody. He has alleged that the Indiana prison's disciplinary proceedings failed to provide him with the minimal due process protections required under the Fourteenth Amendment. The district court exercised jurisdiction under 28 U.S.C. §2254(a) and denied Grandberry's petition on the merits. Grandberry has appealed.

We address here a preliminary question of appellate procedure for appeals from denial of habeas corpus relief from state prison disciplinary actions. Under the governing statute, appeals from denials of habeas relief under §2254 require a certificate of appealability if "the detention complained of arises out of process issued by a State court." 28 U.S.C. §2253(c)(1)(A). In *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000), and many later cases, we have held that when a habeas petitioner challenges a prison disciplinary action rather than his or her underlying conviction, the certificate of appealability requirement of §2253(c)(1)(A) does not apply. In accord with those precedents, Grandberry filed a notice of appeal without first obtaining a certificate of appealability. We have jurisdiction over his appeal under 28 U.S.C. §2253(a).

We requested briefing on the question whether *Walker v. O'Brien* should be overruled on whether a certificate of appealability is required in habeas appeals by state prisoners challenging decisions of prison authorities. Our request was prompted by a 2010 *en banc* decision by the Ninth Circuit, in

which that court reversed its prior precedent and held that certificates of appealability are required before state prisoners may challenge prison disciplinary actions. See *Hayward v. Marshall*, 603 F.3d 546, 554 (9th Cir. 2010) (*en banc*) (overruling *White v. Lambert*, 370 F.3d 1002, 1013 (9th Cir. 2004)), overruled on other grounds by *Swarthout v. Cooke*, 131 S. Ct. 859 (2011).[1]

Because this issue could involve overturning circuit precedent, the question before us is whether there is a "compelling reason" to overrule *Walker*, such as a "statutory overruling" or a showing that the decision has "been overruled or undermined by the decisions of a higher court." *McClain v. Retail Food Employers Joint Pension Plan*, 413 F.3d 582, 586 (7th Cir. 2005) (internal citations and quotations omitted). The Ninth Circuit's decision in *Hayward* left this circuit as the only one thus far that reads the statutory phrase "the detention complained of arises out of process issued by a State court" as not applying to prisoners challenging prison disciplinary decisions that prolong their custody. In such circumstances, a fresh look may well be in order. See, *e.g.*, *United States v. Corner*, 598 F.3d 411, 414 (7th Cir. 2010) (*en banc*) (overruling circuit precedent to eliminate circuit split on whether district judge may disagree with career offender provision of Sentencing Guidelines where government confessed error and urged overruling of precedent). We have given the question a fresh look, but we do not find persuasive reasons to change our approach. We believe *Walker* remains sound on this point, and we decline to overturn it.

---

[1] The court is grateful to counsel for both parties for their able assistance in briefing this question upon our request.

Section 2253(c)(1)(A) provides: "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—the final order in a habeas corpus proceeding *in which the detention complained of arises out of process issued by a State court*." (Emphasis added.) Based on its reading of the plain language of this statute, the panel in *Walker* reasoned that certificates of appealability are not required in habeas cases challenging state prison disciplinary proceedings because in those cases, "the detention complained of" is the additional amount of time the prisoner must stay in prison as a result of the disciplinary proceedings. This detention does not "arise out of process issued by a State court." It is imposed by the prison disciplinary board. *Walker*, 216 F.3d at 637 ("In light of the statutory language, we do not see how we can construe the words 'process issued by a State court' to mean 'process not issued by a State court, but instead the outcome of an internal prison disciplinary proceeding.'"). In fact, in prison disciplinary cases arising in Indiana as this case does, the state courts have nothing to do with the discipline because no judicial review is available in state courts. See *Blanck v. Indiana Dep't of Correction*, 829 N.E.2d 505, 507 (Ind. 2005).

If Congress had intended a different result, it could have used different language—as it did in other habeas provisions. Compare 28 U.S.C. §2253(c)(1)(A) ("in which the detention complained of arises out of process issued by a State court"), with 28 U.S.C. §2254(a) ("in custody pursuant to the judgment of a State court"). One of the most reliable guides to interpreting statutes is to assume that Congress meant what it said. *E.g.*, *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253–54 (1992).

The other circuits that have considered this issue disagree with our interpretation of §2253(c)(1)(A). See *Hayward*, 603 F.3d at 553 (reasoning that upon denial of parole, the "detention complained of" pursuant to 28 U.S.C. §2253(c)(1)(A) is the state court conviction that put the prisoner in prison, "not the administrative decision not to let him out"); see also *Medberry v. Crosby*, 351 F.3d 1049, 1063 (11th Cir. 2003); *Madley v. United States Parole Comm'n,* 278 F.3d 1306, 1310 (D.C. Cir. 2002); *Greene v. Tennessee Dep't of Corr.*, 265 F.3d 369, 371–72 (6th Cir. 2001); *Coady v. Vaughn*, 251 F.3d 480, 486 (3d Cir. 2001); *Montez v. McKinna*, 208 F.3d 862, 868–69 (10th Cir. 2000). Prior to the Ninth Circuit's decision in *Hayward*, this circuit and the Ninth were aligned on this question. See *White,* 370 F.3d at 1010. The fact that the Ninth Circuit has now switched sides does not persuade us to do the same, however. We are lonelier than before, but we have previously rejected the existence of contrary rulings from other circuits as a reason to overrule *Walker*. *Moffat v. Broyles*, 288 F.3d 978, 980 (7th Cir. 2002); see also *Anderson v. Benik*, 471 F.3d 811, 814 (7th Cir. 2006); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003).

Our reasoning has not changed, the reasoning of our colleagues in other circuits has not changed, and our respectful disagreement with our colleagues on this issue has not changed. We could go on at considerable length rehearsing the arguments for and against the *Walker* holding. The panel opinion in *Walker* and the dissent from denial of rehearing *en banc* have already done so ably, as have the Ninth Circuit majority and dissent in *Hayward*, among a number of other published opinions. We would add little to the debate by further repetition. We hold that *Walker v. O'Brien* is still good

law in this circuit. In this matter, because petitioner Grandberry seeks to challenge a prison disciplinary decision and not his underlying conviction, he was not required to obtain a certificate of appealability under 28 U.S.C. §2253(c)(1)(A). *Walker*, 216 F.3d at 637–39.

Petitioner Grandberry's appeal will proceed without a certificate of appealability. By separate order, we will establish a new schedule for briefing on the merits of his appeal.

SO ORDERED.