**FOR PUBLICATION**

FILED
Dec 08 2014, 10:02 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**RANDAL L. YOUNG**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KYLE HUNTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RANDAL L. YOUNG, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 32A05-1403-MI-148 |
| | ) | |
| INDIANA DEPARTMENT OF | ) | |
| CORRECTION, BRUCE LEMMON, | ) | |
| DAVID J. DONAHUE, STANLEY | ) | |
| KNIGHT, EDWARD BUSS, THOMAS | ) | |
| HANLON, JEFF WRIGLEY, BRIAN | ) | |
| SMITH, LEO BORST, JASON GEIGER, | ) | |
| CLINT FELDKAMP, SARA YOUNG, | ) | |
| JULIE CUNNINGHAM, | ) | |
| | ) | |
| Appellees-Defendants. | ) | |

APPEAL FROM THE HENDRICKS COURT
The Honorable Mark A. Smith, Judge
Cause No. 32D04-1308-MI-177

**December 8, 2014**

**OPINION - FOR PUBLICATION**

**ROBB, Judge**

## Case Summary and Issue

Randal Young, who is currently incarcerated in the Indiana Department of Correction ("DOC"), brought this suit challenging the constitutionality of the DOC's policy concerning the restoration of credit time for inmates. The trial court granted judgment on the pleadings in favor of the DOC, and Young now brings this appeal pro se. Young raises one issue for our review: whether the DOC's policy regarding the restoration of credit time denies equal protection of the law to prisoners serving consecutive sentences. Concluding the DOC's challenged policy does not result in disparate treatment, we affirm the judgment of the trial court.

## Facts and Procedural History

On February 6, 2004, Young was ordered to serve multiple consecutive sentences on seven counts of robbery. See Indiana Offender Database, available at http://www.in.gov/apps/indcorrection/ofs/ofs. According to Young's complaint, during the first three years of his incarceration, he was deprived of 750 days of credit time as a result of various unspecified disciplinary violations. On October 5, 2007, Young filed a petition with the DOC seeking restoration of that credit time. On October 13, 2007, the DOC restored 173 days of credit time to Young. On October 4, 2008, Young filed a second petition for restoration of credit time. However, at that time, Young had begun serving time on a new sentence. Because the credit time he sought to recover was related to a sentence previously completed rather than the sentence he was then serving, his second petition was denied. That denial was based on written DOC policy stating that

2

credit time sought to be restored must be credit time that was deprived during the offender's current sentence.

Subsequently, Young filed this action with the trial court seeking injunctive and declaratory relief, alleging that the DOC's policy concerning restoration of credit time violates the Indiana and federal constitutions' equal protection guarantees. The DOC filed a motion for judgment on the pleadings, which the trial court granted. This appeal followed.

### Discussion and Decision

#### I. Standard of Review

Where a motion for judgment on the pleadings raises the same defense as a motion to dismiss for failure to state a claim upon which relief may be granted, we apply the standard applicable to a motion to dismiss under Indiana Trial Rule 12(B)(6). Culver-Union Twp. Ambulance Serv. v. Steindler, 629 N.E.2d 1231, 1235 (Ind. 1994). We review the decision de novo and ask "whether the allegations in the complaint establish any set of circumstances under which a plaintiff would be entitled to relief." Veolia Water Indianapolis, LLC v. National Trust Ins. Co., 3 N.E.3d 1, 4 (Ind. 2014) (citation omitted). We accept as true the facts pled in the complaint and draw every reasonable inference in favor of the non-moving party. Id. at 4-5. However, we need not credit nonfactual assertions and legal conclusions. McCalment v. Eli Lilly & Co., 860 N.E.2d 884, 890 (Ind. Ct. App. 2007).

#### II. Young's Equal Protection Claim

##### A. Credit Time and Restoration

3

Certain persons imprisoned with the DOC are entitled to earn credit time that will be applied to the offender's sentence. See Ind. Code §§ 35-50-6-3 and -4. However, an inmate may be deprived of credit time when that person, among other things, violates rules promulgated by the DOC or the penal facility in which the person is imprisoned. Ind. Code § 35-50-6-5(a). Indiana law also states that "[a]ny part of the credit time of which a person is deprived under this section may be restored." Ind. Code § 35-50-6-5(c).

The DOC's Manual of Policies and Procedures sets out detailed procedures concerning the deprivation of credit time, review of an inmate's credit class, and the restoration of earned credit time. See generally Indiana Department of Corrections Manual of Policies and Procedures, The Disciplinary Code for Adult Offenders, available at http://www.in.gov/idoc/3265.htm. Young challenges a provision of those polices that restricts an offender's ability to request restoration of credit time. That provision, limiting a request for credit time to time deprived during the offender's current sentence, provides in relevant part: "[t]he credit time being requested must be credit time that was deprived while serving the current sentence. Credit time deprived while serving a previous sentence . . . can not be restored." Indiana Department of Corrections Manual of Policies and Procedures, The Disciplinary Code for Adult Offenders § IX.E-9(d), available at http://www.in.gov/idoc/3265.htm ("Section IX.E-9(d)").

B. Equal Protection Clause and Equal Privileges and Immunities Clause

Young argues that Section IX.E-9(d) violates his right to equal protection as guaranteed by the Fourteenth Amendment to the United States Constitution and Article 1,

4

Section 23 of the Indiana Constitution. Specifically, he claims that Section IX.E-9(d) unconstitutionally discriminates against offenders who are ordered to serve consecutive sentences. We disagree.

The Equal Protection Clause of the Fourteenth Amendment provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1. The Indiana Constitution's Equal Privileges and Immunities Clause states that "[t]he General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities, which, upon the same terms, shall not equally belong to all citizens." IND. CONST. art. 1, § 23. Our supreme court has interpreted the Equal Privileges and Immunities Clause in a way that creates an independent standard for analyzing claims under the Indiana Constitution. See Collins v. Day, 644 N.E.2d 72, 74-81 (Ind. 1994). That said, it is undeniable that the Equal Protection Clause and the Equal Privileges and Immunities Clause "share substantially the same considerations." Id. at 75. Put simply, both provisions seek to ensure equal treatment under the law. An equal protection claim, under either the federal or Indiana constitution, must show "disparate treatment" in order to be successful. Worman Enterprises, Inc. v. Boone Cnty. Solid Waste Mgmt. Dist., 805 N.E.2d 369, 380-81 (Ind. 2004). Young has failed to make a showing of disparate treatment in this case.

Young proceeds with his claim under the false premise that a person who serves consecutive sentences is, in effect, serving a single sentence. From a legal standpoint, this is simply untrue. "[C]onsecutive sentences are based upon the principle that each separate and distinct criminal act should receive a separately experienced punishment."

5

<u>Crider v. State</u>, 984 N.E.2d 618, 621 (Ind. 2013). An offender who is convicted of multiple crimes receives a separate sentence for each count. And the General Assembly's intent that consecutive sentences are meant to be considered separate and distinct is evinced by its description of consecutive sentences as consecutive "<u>terms</u> of imprisonment." Ind. Code § 35-50-1-2(c) (emphasis added).

Section IX.E-9(d) stands for the unremarkable proposition that once an offender serves out the term of a sentence, he may not later restore credit time deprived during that sentence. This is true of <u>all</u> offenders, regardless of whether the sentence at issue is a single sentence, a sentence served concurrent with another sentence, or a sentence served consecutively with another sentence. Therefore, Section IX.E-9(d) does not result in disparate treatment to offenders who serve consecutive sentences.

Ironically, Young claims discriminatory treatment but actually brings this action based on his opinion that, for the purposes of restoring credit time, he should be treated <u>differently</u> than an offender who serves a single sentence. Young believes that although he has served the full term of a sentence, he should nonetheless be permitted to restore credit time deprived during that previous sentence and apply it to the one he is currently serving. Of course, a recidivist who is imprisoned for a crime today does not have the luxury to restore credit time deprived during a different sentence he served years earlier and have that time applied toward his current sentence. There is no legal distinction between that recidivist and an offender serving consecutive sentences.

<u>Conclusion</u>

We conclude that Section IX.E-9(d) of the DOC's Disciplinary Code for Adult Offenders, which limits restoration of credit time to credit time deprived during an offender's current sentence, does not violate the Equal Protection Clause of the Fourteenth Amendment or Article 1, Section 23 of the Indiana Constitution as the policy applies to offenders serving consecutive sentences. Because, as the DOC's policy currently stands, there is no set of circumstances under which Young's claim entitles him to relief, we affirm the judgment of the trial court.

Affirmed.

BAKER, J., and KIRSCH, J., concur.