Alvaro ADAME, Petitioner,

v.

Eric H. HOLDER, Jr., Respondent.

No. 13–2405.

United States Court of Appeals,
Seventh Circuit.

Jan. 22, 2015.

Jennifer L. Bennett, Attorney, Ira Benjamin Kahn, Attorney, Chicago, IL, Charles A. Rothfeld, Attorney, Mayer Brown LLP, Washington, DC, for Petitioner.

Lisa M. Damiano, Attorney, Patrick J. Glen, Attorney, OIL, Attorney, Department of Justice, Washington, DC, for Respondent.

Before DIANE P. WOOD, Chief Judge, RICHARD A. POSNER, Circuit Judge, JOEL M. FLAUM [1], Circuit Judge.

### ORDER

Petitioner filed a petition for rehearing and rehearing *en banc* on October 30, 2014, with an Amicus Brief filed by the National Immigration Lawyers Association in support of the petition for rehearing and rehearing *en banc*, and Respondent's response to the rehearing *en banc* filed on January 7, 2015. No judge in regular active service has requested a vote on the petition for rehearing *en banc*, and all members of the original panel have voted to deny rehearing. Judge Hamilton concurs in the denial of the petition for rehearing *en banc* for the reasons stated in

his separate opinion, which follows this order. Accordingly,

IT IS ORDERED that the petition for rehearing and rehearing *en banc* is DENIED.

HAMILTON, Circuit Judge, concerning the denial of rehearing en banc.

The petition for rehearing en banc in this case presents an important and difficult question about the scope of our jurisdiction under 8 U.S.C. § 1252(a)(2)(B) and (D) in petitions seeking judicial review of certain discretionary Board of Immigration Appeals decisions, such as the decision here denying discretionary cancellation of removal under 8 U.S.C. § 1229b. The issue is whether subparagraph (D) allows us to consider mixed questions of law and fact. The panel opinion, the rehearing petition, and answer persuade me that this circuit stands alone on the wrong side of a circuit split.

Subparagraph (a)(2)(B) of § 1252 imposes limits on federal courts' jurisdiction to review discretionary immigration decisions. As pertinent here, it provides that "no court shall have jurisdiction to review ... any judgment regarding the granting of relief under [8 U.S.C. § 1229b] ... [or] any other decision or action of the Attorney General ... the authority for which is specified under this subchapter to be in the discretion of the Attorney General...." Subparagraph (D) then provides an important limit on that prohibition: "Nothing in subparagraph (B) ... shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals...."

The point of controversy is whether subparagraph (D)'s preservation of jurisdic-

---

1. Judge Joel M. Flaum recused himself from the case on November 14, 2014, and has taken no further part in the consideration of this case.

tion to decide "questions of law" extends to "mixed" questions of law and fact involving the application of statutes or regulations to undisputed facts. Our circuit has said no, many times. As the panel opinion explained here, we have tried to follow the intent of subparagraph (B) by declining jurisdiction over such mixed questions because such review can slide so easily into review of factual issues. *Adame v. Holder*, 762 F.3d 667, 672 (7th Cir.2014), citing, e.g., *Viracacha v. Mukasey*, 518 F.3d 511, 515–16 (7th Cir.2008).

The panel opinion recognizes, however, that our circuit is now a minority of one. Disagreeing with us are the First, Second, Third, Fourth, Fifth, Sixth, Eighth, and Ninth Circuits. 762 F.3d at 671 (collecting cases). Though some of these circuits limit what types of mixed questions they will review, we alone apply the categorical rule that courts of appeal can never review mixed questions of law and fact. *Id.* The panel described this conflict in the circuits as "a serious one" but one that has stood for some time. *Id.* at 672. The petition for rehearing en banc, supported by an amicus brief from the National Immigrant Justice Center and the American Immigration Lawyers Association, asks us to reconsider our position and follow the other circuits by holding that § 1252(a)(2)(D) gives us authority to review mixed questions of law and fact.

Sometimes we are right to stick to a lonely position. See, e.g., *Grandberry v. Keever*, 735 F.3d 616, 618 (7th Cir.2013) (declining to modify position to eliminate circuit split). On this issue, however, there are good reasons beyond respect for the views of our colleagues in other circuits for us to reconsider. The statutory language of § 1252(a)(2) does not provide clear guidance in splitting the difference between subparagraphs (B) and (D), but the conference committee report for what

became the REAL ID Act in 2005, which added subparagraph (D) to § 1252(a)(2), indicates an intent to preserve some judicial review for mixed questions of fact and law: "When a court is presented with a mixed question of law and fact, the court should analyze it to the extent there are legal elements, but should not review any factual elements." H.R.Rep. No. 72, 109th Cong., 1st Sess. 175.

In addition, outside the immigration context, the Supreme Court has sometimes but not always treated language limiting judicial review to questions of law as including mixed questions of law and fact. See *Pullman–Standard v. Swint*, 456 U.S. 273, 289–90 & n. 19, 102 S.Ct. 1781, 72 L.Ed.2d 66 (1982) (applying Fed.R.Civ.P. 52(a) and collecting cases on both sides of question); *Bogardus v. Commissioner*, 302 U.S. 34, 38–39, 58 S.Ct. 61, 82 L.Ed. 32 (1937) (applying tax code definition of tax-free gift); see generally *Ornelas v. United States*, 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996) (once historical facts are determined, reasonable suspicion to stop and probable cause for warrantless search are mixed questions of fact and law calling for de novo appellate review). These considerations and the thoughtful opinions of other circuits provide good reason for this court to reconsider our approach to § 1252(a)(2)(D). See, e.g., *Chen v. United States Dep't of Justice*, 471 F.3d 315, 323–32 (2d Cir.2006).

Nevertheless, I have not called for a vote to rehear this case en banc. Even if the en banc court agreed to exercise jurisdiction over mixed questions of fact and law, I see no reasonable prospect of changing the outcome of Mr. Adame's petition for judicial review.

As the panel explained, the immigration judge found that Mr. Adame did not meet any of the three criteria needed to establish legal eligibility for discretionary can-

cellation of removal: physical presence in the United States for ten years; good moral character; and exceptional and extremely unusual hardship to a U.S. citizen or resident family member. *Adame,* 762 F.3d at 669. The physical presence requirement was the only issue the Board of Immigration Appeals considered. The Board found no error by the immigration judge, who simply did not believe Mr. Adame's uncorroborated and inconsistent testimony. Even if we adopted a broader view of our power under § 1252(a)(2)(D), we could not review what would amount to a purely factual issue—the credibility of Mr. Adame's testimony—that is clearly beyond the scope of our jurisdiction. And Mr. Adame has not offered any persuasive reason to find a legal error in the immigration judge's handling of the good moral character or extreme hardship questions.

When adopting the approach of our colleagues in other circuits could change the outcome of a petition for judicial review, I would find it worthwhile to reconsider this circuit's approach to § 1252(a)(2)(D). This is not such a case.