NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 26, 2016[*]
Decided August 29, 2016

**Before**

DANIEL A. MANION, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 16-1361

| | |
|---|---|
| VIRGIL J. SMITH, | Appeal from the United States District |
| *Petitioner-Appellant,* | Court for the Northern District of Indiana, |
| | South Bend Division. |
| *v.* | |
| | No. 3:15cv607 |
| RON NEAL, | |
| *Respondent-Appellee.* | James T. Moody, |
| | *Judge.* |

**O R D E R**

Virgil Smith, an Indiana prisoner, challenges the denial of his habeas corpus petition filed under 28 U.S.C. § 2254, alleging that his disciplinary proceeding for assaulting another inmate did not provide the process that he was due. We affirm.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2)(C).

While incarcerated at Indiana State Prison, Smith was charged in a disciplinary case with assaulting another inmate. The inmate had to be sent to a local hospital with facial injuries. Smith denied involvement, but the victim identified Smith as the attacker, as did a confidential informant. The incident had been captured on a video, and Smith asked the Disciplinary Hearing Officer to review it. A hearing officer found Smith guilty, and Smith was punished with disciplinary segregation; the loss of earned-credit time, commissary, and phone privileges; and a demotion in credit class (decreasing the rate at which he could earn good-time credit). Smith petitioned for a writ of habeas corpus, which the district court granted, concluding that the hearing officer violated *Wolff v. McDonnell*, 418 U.S. 539, 565–66 (1974), by not reviewing the video of the incident as Smith had requested. See *Smith v. Superintendent*, No. 3:14-CV-1725-JVB (N.D. Ind. July 24, 2015).

Smith received a new hearing with a new hearing officer. This time the hearing officer viewed the video but found that "poor visibility and delays in the footage" prevented him from seeing the incident clearly or identifying anyone. The officer also received a new statement from the victim, asserting that Smith was not the attacker. Notwithstanding this statement, the officer stood by the original conduct report and confidential information in Smith's file identifying him as the attacker, and sanctioned Smith to the same punishments as before, plus $21,735 restitution for the victim's medical expenses.

Smith again petitioned for a writ of habeas corpus, challenging the sufficiency of the evidence (in light of the victim's exculpatory statement) and the harshness of the punishment (the added restitution). The district court denied the petition; the court said that it had reviewed the confidential record in the case and was satisfied that the finding of guilt was supported by "some evidence," see *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454–56 (1985); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). The court also stated that the restitution order was not a basis for habeas relief because it was within the maximum allowable sanction under the Indiana Department of Corrections' policy guidelines.

On appeal Smith argues that the district court failed to adequately examine the evidence that, he asserts, exonerates him. He points to the victim's statement denying that he was the attacker, and argues that there was not sufficient evidence to support the hearing officer's finding of guilt and that his right to due process was violated.

The "some evidence" standard is a lenient one, requiring no more than "a modicum of evidence." *Hill*, 472 U.S. at 455; see *Grandberry v. Smith*, 754 F.3d 425, 426

(7th Cir. 2014). We do not reweigh the evidence presented; we confine our inquiry to whether any reliable evidence exists to support the decision, and once found, we consider the petitioner's exculpatory evidence only to the extent that it undermines the reliability of the evidence relied upon by the hearing officer. *Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007). Based on this highly deferential review, we agree with the district court that the record contains "some evidence" that Smith assaulted the other inmate. The hearing officer explained that, notwithstanding the victim's new statement, he believed Smith was guilty based on the conduct report and the confidential information in his case file. We have reviewed these materials and agree that they provide "some evidence" to support the determination of guilt.[1]

Smith also argues that the district court misapprehended his challenge to the restitution order, which he regarded as retaliatory because it was imposed only after he prevailed on his habeas petition. But restitution does not impact the fact or duration of Smith's confinement and therefore is not a valid basis for habeas corpus relief. See 28 U.S.C. § 2254(a); *Bailey v. Hill*, 599 F.3d 976, 979–80 (9th Cir. 2010); *Arnaiz v. Warden, Fed. Satellite Low*, 594 F.3d 1326, 1329 (11th Cir. 2010); see also *DeWalt v. Carter*, 224 F.3d 607, 617 (7th Cir. 2000). And to the extent he suggests that the court overlooked a due process claim that his decisionmaker was vindictive, he failed to demonstrate bias. Not only was Smith's case heard by a new officer, see *United States v. Cheek*, 3 F.3d 1057, 1064 (7th Cir. 1993), but also his unsupported allegations of vindictiveness do not overcome the presumption of honesty and integrity to which the officer is entitled, see *Piggie v. Cotton*, 342 F.3d 660, 666–67 (7th Cir. 2003).

On August 10, 2016, Smith filed a motion to dismiss his disciplinary case. We DENY that motion.

AFFIRMED.

---

[1] To the extent Smith's appeal can be read to challenge the reliability of the confidential informant, see *Whitford v. Boglino*, 63 F.3d 527, 535 (7th Cir. 1995), the informant's statement is corroborated by other evidence in the record.