**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 30, 2020[*]
Decided July 1, 2020

**Before**

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 19-3390

| | |
|---|---|
| JOSHUA RESENDEZ, *Petitioner-Appellant*, | Appeal from the United States District Court for the Southern District of Indiana, Terre Haute Division. |
| *v.* | No. 2:18-cv-444 |
| RICHARD BROWN, *Respondent-Appellee*. | James Patrick Hanlon, *Judge*. |

**O R D E R**

Joshua Resendez, an Indiana inmate, petitioned for a writ of habeas corpus under 28 U.S.C. § 2254, challenging a prison policy that renders him ineligible for the restoration of previously lost good-time credits. The district court dismissed the petition without prejudice for failure to exhaust state-court remedies. Because that dismissal allows Resendez to return to federal court after exhausting his state-court remedies, we dismiss the appeal for lack of jurisdiction.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

While incarcerated at Wabash Valley Correctional Facility, Resendez has been disciplined several times for violating prison rules. In 2017, he lost 200 days of earned good-time credit after he was found guilty of committing three "Class B" conduct offenses under the Indiana Department of Correction's disciplinary code. Also that year, in July, he was found guilty of two counts of attempted trafficking, a more serious "Class A" conduct offense, for which he was temporarily placed in restrictive housing.

Resendez petitioned the prison in 2018 to restore his lost good-time credits. *See* IND. CODE § 35-50-6-5(c) ("Any … good time credit of which a person is deprived under this section may be restored."). He noted that he had not received a conduct report for a year and had been in the required credit-earning class for six continuous months—both prerequisites for credit restoration under prison policy. *See* IND. DEP'T OF CORR., MANUAL OF POLICIES & PROCEDURES, No. 02–04–101, The Disciplinary Code for Adult Offenders, at 45–52 (July 2018), www.in.gov/idoc/files/02-04-101_The_Disciplinary_ Code_for_ Adult_Offenders___6-1-2015.pdf.

Prison authorities denied Resendez's petition, explaining that he is ineligible for credit restoration because of his two Class A violations. Department policy provides that an inmate is not eligible for restoration of any credit lost after June 1, 2015 (the policy's effective date) if, after that date, the inmate has been found guilty of an enumerated Class A offense, including attempted trafficking. *See id.* at 46–47. The policy also provides that a guilty finding on a listed offense "shall constitute the ineligibility of restoration with regard to any and all deprived credit time which occurred during the [inmate's] current commitment period." *Id.* at 47.

Instead of pursuing his challenge in state court, Resendez petitioned for a writ of habeas corpus under § 2254 in federal court. He primarily argued that the Department's credit-restoration policy violates due process and the Ex Post Facto Clause of the Constitution. As he sees it, the policy impermissibly bars an inmate found guilty of certain Class A offenses from obtaining restoration of *any* previously lost good-time credits, even where, as in his case, the credits were revoked as punishment for Class B violations that occurred before and had "nothing do to with" the Class A offenses.

The district court dismissed the petition without prejudice for failure to exhaust state-court remedies. It acknowledged that Indiana courts lack jurisdiction to review prison disciplinary decisions that *revoke* earned credit time. *See Grandberry v. Keever*, 735 F.3d 616, 618 (7th Cir. 2013); *Blanck v. Ind. Dep't of Corr.*, 829 N.E.2d 505, 510–11 (Ind. 2005). But Resendez was challenging the Department's refusal to *restore* his previously

lost good-time credits, a claim that, the district court correctly noted, Indiana courts have the authority to review. *See, e.g., Young v. State*, 888 N.E.2d 1255, 1256 (Ind. 2008) (holding that "[state] post-conviction proceedings are the appropriate procedure for considering properly presented claims for educational credit time"); *Young v. Ind. Dep't of Corr.*, 22 N.E.3d 716, 719 (Ind. Ct. App. 2014) (rejecting inmate's equal-protection challenge to IDOC policy limiting restoration of good-time credits to time lost on current sentence). The court added that Resendez had not shown cause and prejudice to excuse the "[p]rocedural default caused by failure to exhaust state remedies."

Resendez appeals the district court's dismissal, but we lack jurisdiction to consider it. As we have concluded in similar cases, the district court's order dismissing the petition without prejudice for failing to exhaust state-court remedies is a "nonfinal, nonappealable order" under 28 U.S.C. § 1291. *Gacho v. Butler*, 792 F.3d 732, 733. (7th Cir. 2015); *see also Moore v. Mote*, 368 F.3d 754, 755 (7th Cir. 2004). Although there are "limited circumstances under which a habeas petitioner can get around the seemingly nonfinal nature of a dismissal without prejudice" (such as when some impediment bars the petitioner from later refiling in federal court), none applies here. *Gacho*, 792 F.3d at 736; *see also Dolis v. Chambers*, 454 F.3d 721, 723 (7th Cir. 2006) (dismissal without prejudice for failing to exhaust state remedies is "effectively final" when new federal petition would be time-barred). The district court ruled that Resendez's claims were unexhausted—meaning "state remedies remain available"—so the dismissal without prejudice enables him to pursue those remedies before returning to federal court. *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). In his brief on appeal, the respondent asserts that a state-court remedy still is available for Resendez to pursue, and Resendez does not say otherwise. We therefore have no reason to believe that he will face an obstacle to refiling in federal court after exhausting his state-court remedies.

We recognize that the district court also used the phrase "procedural default" in its order, but that makes no difference here. If the court had considered the claims genuinely defaulted, then that means "the opportunity to raise [them] in state court has passed," and federal review is barred without a showing of cause and prejudice or a miscarriage of justice. *Perruquet*, 390 F.3d at 514; *see also Coleman v. Thompson*, 501 U.S. 722, 750 (1991). But the district court mentioned "procedural default" only nominally; in substance, it faulted Resendez for failing to exhaust available state remedies. Because Resendez still may seek review of his claims in state court before returning to pursue federal habeas relief, we lack jurisdiction over his appeal.

DISMISSED